KINNEY v. MALLORY.

1. Where two statutes are so repugnant to each other that they can not stand together, the latter will repeal the former; but so far as they can consist together, they should be sustained, as the law does not favor a repeal by implication.

2. The replevy bond required by the 6th section of the act of 23d December 1837, "to explain and amend the law in relation to attachments," may be executed by a stranger.

Error to the Circuit Court of Mobile.

THIS was a suit commenced by attachment, in the Court below, by the plaintiff, against the defendant in error. The attachment which issued, was levied on four negroes, and the sheriff returned, they were replevied by Pendleton Jenkins. The replevin bond was executed by Jenkins, and five other persons, in the penal sum of fourteen hundred dollars, and payable to the plaintiff in attachment, with condition to deliver the negroes to satisfy such judgment as might be recovered in the suit so commenced by attachment.

The plaintiff having filed his declaration, the parties appeared by their attornies, and the defendant moved the Court to quash the attachment, on the ground, that the bond given on suing out the attachment, was illegal; but the Court refused to quash, and permitted a new bond to be filed, to which the defendant excepted; and the cause being submitted to a jury, a verdict was found in favor of the plaintiff, and judgment was thereon rendered. The sheriff having returned upon the replevy bond, that he had demanded the slaves of the obligors, and that they had failed and refused to deliver them, an execution issued against them, which came to the sheriffs hands, and thereupon, Platt Stout, one of the obligors in the replevy bond, petitioned the Judge of the Circuit Court, setting forth all the proceedings in the cause, and alleging, that Pendleton Jenkins, the principal in the replevy bond, was not the agent, attorney, or factor of the defendant in attachment; that upon the execution of the bond, Jenkins received the slaves and carried them to another State, and prays that the execution which issued on the replevy bond, be superseded; upon which the Judge made

Kinney v. Mallory.

an order, granting the prayer of the petition, and afterwards, on motion of the petitioner, quashed the execution: from which, the plaintiff prayed an appeal to this Court, which was granted.

STEWART, for the plaintiff in error.

ORMOND, J.—The execution which issued on the replevy bond taken in this case, was quashed because in the opinion of the Court, it was not such as the law authorised to be taken.

To the proper understanding of this question, a brief account of the old law and the decisions upon it, is necessary.

The first attachment law, passed in 1807, authorised the defendant in attachment, to replevy the property attached by giving special bail and pleading to issue. Toul. Dig. 17, § 14. The act of 1818, provided, that when the property of an absconding debtor was attached, that it should not be replevied but by the execution of a bond, with condition to return the specific property attached, or to satisfy the judgment rendered against the defendant. Toul. Dig. 21. Whilst the law remained in this state, the cases of Adkins v. Allen, 1 Stewart 130; Sartin & Rodgers v. Weir, 3 Stewart & Porter, 421; Cummins v. Gray, 4 Stewart & Porter, 397, and Small v. Franklin, 2 Porter, 493, were decided, in which it was held, that the replevy bond, even in the case of an absconding debtor, was a mere bail bond; that it must be taken payable to the sheriff, and could only be executed by the defendant in the attachment, his agent, attorney or factor.

In 1833, a new compilation of the statute law was made by Mr. Aikin, in which the attachment law was remodelled, and considerable additions made to it. Aik. Dig. 37. By the 11th section, it was declared that the goods should remain in the custody of the officer, "unless the defendant, his or her agent, or attorney, or some other person, replevy the same by giving bond" &c. The condition of the bond was in substance, the same as required by the old law in cases of absconding debtors. The 13th section of the act, authorised the defendant in attachment, at any time before final judgment entered or writ of inquiry executed, to replevy the estate attached, on giving special bail.

. No judicial construction was given to this law, but doubts having arisen upon the apparent contradiction of the 11th and 13th sections, and of the probable operations of the decisions made under the old law, the Legislature, on the 23d December, 1837, passed an act, the title of which, is to explain and amend the law in relation to attachments. The 6th section declares that hereafter no defendant in attachment, shall be permitted to replevy the property attached by giving special bail, but that " every defendant in attachment, his agent, or attorney" shall be permitted to do so, by giving a bond with condition to deliver the specific property attached in satisfaction of such judgment as may be rendered against the defendant in attachment, and that upon a refusal to deliver such property on demand of the proper officer, the bond shall have the force and effect of a judgment.

It was clearly not the intention of the Legislature to repeal the entire attachment law, as found in Aikin's Digest, by the act of 1837, and will therefore only be a repeal of the former when it is inconsistent with, or repugnant to it. The former law authorised a replevy by giving special bail; this act prohibits it, and is therefore a repeal. The former was silent as to whom the replevy bond was to be given; this act declares it shall be given to the plaintiff, and is to that extent, declaratory of the former. The act in the Digest, authorises the bond to be given by the " defendant, his agent, *or some other person,*" and the last act omits the words *some other person;* is the omission to insert these words, a repeal of that portion of the act? The bond in this case, was made by persons who do not profess to be either the agents, or attornies of the defendant, and was made payable to the plaintiff, and the precise question is, whether since the act of 1837, a stranger can execute a replevy bond in a suit commenced by attachment.

These statutes are both affirmative in their character, and as already observed, so far as they are repugnant to each other, the latter will repeal the former, but so far as both may consist together, they ought to be sustained. The law does not favor a repeal by implication, unless the repugnancy is very plain. Warden v. Arell, 2 Wash. 296; 6 Bac. Ab. 373, statute d. With these rules in view, we cannot say there is any repugnancy between these statutes in the particular now under ex-

amination. The object of the Legislature, does not appear to have been to repeal the 11th section of the law in Aikin's Dig. as the condition of the bond is the same in substance, in both acts. The apparent mischief of the old law, so far as it can be gathered from the law of 1837, was not the condition of the bond or the persons authorised to execute it, but the control which the 13th section of the act in Aik. Dig. was supposed to exert over the 11th section, which by the decisions of this Court was converted into a common bail bond.

The object of this portion of the act of 1837, being as we have seen, to affect the construction or legal operation of the bond when given, it is not inconsistent with, or repugnant to its provisions, that a class of persons, not named in the law, may also execute the bond, under the authority of a former law. At least we cannot, according to the established rules of construction, say, that the mere omission to name them in the last law, is a repeal of the former law. The question before the Legislature appearing to be, not who shall execute the bond, but what shall be its effect when executed.

Let the judgment be reversed, and the cause remanded.