## SHUTE & HACKETT v. McMAHON.

1. An execution may issue on a replevy bond in attachment, taken under the act of 1833, when returned forfeited by the sheriff, and without an assignment by him to the plaintiff.

Error to the Circuit Court of Pike.

MOTION to quash an execution, which had issued upon a forfeited replevy bond, in a suit commenced by attachment. The bond bears date 1st December, 1836, and was returned forfeited, by the sheriff, on the 27th June, 1838. The court quashed the execution, from which this writ is prosecuted.

J. E. BELSER, for plaintiff in error.

The forfeited bond was taken by the sheriff, on the 1st December, 1836, and at that time was properly made payable to the sheriff. The act of 1833 was then in force. [See Clay's Dig. 57, § 11; Adkins v. Allen, 1 Stew. 130; Sewall v. Franklin, 2 Porter, 493.]

The act of 1837 requires that the bond shall be made pay-

Shute & Hackett v. McMahon.

able to the plaintiff in attachment. It is a legislative exposition of the act of 1833, and is equivalent to saying, that under that act, the bond *was to be made payable to the sheriff.* [Clay's Dig. 61, § 33.]

There was no necessity for the sheriff to indorse the bond to the plaintiff. All that the act of 1833 requires is, that the sheriff shall return the bond "forfeited according to its conditions," and the court shall immediately issue execution on the same, against all the obligors therein. [Clay's Dig, 57, 58, § 11.]

Where suit is brought on an attachment bond, made payable to the sheriff, then it must be assigned by indorsement to the plaintiff, to maintain the suit. Without such assignment, there would be no legal right in the plaintiff. [Sartin et al. v. Wier & Co., 3 Stew. & P. 421.]

By the act of 1833, the bond was properly made payable to the sheriff—it was returned forfeited—this without assignment by sheriff to plaintiff, authorized the execution to issue against all the obligors—it is this execution which the court has quashed. It was error so to have done.

Buford, contra.

ORMOND, J.—The statute in force when the replevy *bond in this* cause was executed, does not provide to whom the bond to be executed by the defendant in attachment shall be payable, when he replevies the property, but requires the sheriff to lodge it with the clerk, and if it is forfeited, according to its condition, "the officer taking the same, shall forthwith enter thereon the necessary indorsement of forfeiture, and the clerk, or justice, shall immediately issue execution on the same, against all the obligors therein." [Clay's Dig. 57, § 11.] This act was passed in 1833. In 1837, an act was passed requiring such bonds to be made payable to the plaintiff in the suit. [Clay's Dig. 61, § 33.]

This bond having been taken whilst the act of 1833 was in force, we must look to that act to ascertain whether it was correctly taken, as a bond under the statute, so as to authorize the statute judgment upon it, if forfeited. The statute, as we have seen, was silent as to whom the bond was to be

made payable, but this court, in construing the statute, held, that it must be made payable to the sheriff. [Sewall v. Franklin, 2 Porter, 498; Sartin & Rogers v. Wier & Co. 3 S. & R. 420, and Adkins v. Allen, 1 Stew. 130.] It appears then, that this bond was correctly taken, according to the law, as it stood at the time of its execution.

It is now urged that no judgment could be rendered on the bond, although forfeited, because it has not been assigned by the sheriff to the plaintiff. Previous to the passage of the act of 1833, this court construed the bond given by defendants in attachment, (except in the case of absconding debtors,) to be in its effects merely a bail bond, and consequently held, that the plaintiff could not maintain an action thereon in his own name, until the bond was assigned to him. [Sartin & Rogers v. Wier & Co. 3 S. & P. 421.] But the act of 1833, though it conformed to the previous statutes in other respects, for the first time declared, that upon the bond being returned forfeited, by the sheriff, the clerk should immediately issue execution thereon, against all the obligors. If it is conceded, that no action could be maintained upon the bond by the plaintiff, without the assignment of the sheriff, it by no means follows that such assignment is necessary to authorize an execution to issue. The statute does not require an assignment to be made upon the bond, but creates the statute judgment, when the bond is forfeited, and so returned by the sheriff. This judgment was not intended to be in favor of the sheriff, but in favor of the plaintiff in attachment, with which the bond connects itself, and the judgment in that case, indicates to the clerk the amount for which the judgment shall be rendered.

This construction must necessarily be put upon the act, as otherwise, the statute judgment declared by the act to be consequent upon the forfeiture of the bond, will be wholly inoperative. The act of 1837, (Clay's Dig. 61, § 33,) was evidently designed to remedy this, and other imperfections in the act of 1833, as shown in the case of Kinney v. Mallory, 3 Ala. 626, and by the section cited, it is declared that the replevy bond in attachment shall be payable to the plaintiff, and that on its being returned forfeited, " the bond shall have the force and effect of a judgment, and execution may

issue thereon against all the obligors to-said bond, or any, or either of them, for the amount of the judgment actually recovered by the plaintiff in the suit, in which the bond was taken." Although the act of 1833, is wanting in the precision and fullness of the statute just cited, its effect must be the same, as express authority is given to the clerk to issue execution upon the bond, when returned forfeited, and it is our duty to put such a construction upon it, if possible, as will prevent it from being wholly inoperative; and in our opinion it will admit of no other than that put upon it by the legislature itself, in the act of 1837.

From these considerations, it appears the court erred in quashing. the execution, and its judgment must be reversed and the cause remanded.