## PATTERSON *vs.* GASTON.

1. The penalties to which coroners are subjected by the act of 1833, for defaults in the execution of process, may be recovered in the summary mode pointed out by the act of 1807. The latter act, so far as it prescribes the remedy and mode of proceedings, is not repealed by the former.

Error to the Circuit Court of Madison. Tried before the Hon. Geo. D. Shortridge.

C. C. Clay, Jr. for the plaintiff:

The only question involved in the demurrer is, does the *summary remedy* given by statute of 1819 lie against *coroners* when acting as sheriffs? This question is resolved by an examination of the statutes. The act of 1819 (Clay's Dig. 205-6, §§ 21-2) declares the penalty and mode of its recovery *against the sheriff.* The act of 1833 (ib. 159, § 2) declares that "the coroner shall execute all process when the sheriff is a party in interest," &c., and for failing to do so, "*shall be liable to all the penalties prescribed against sheriffs for similar defaults.*" While it is conceded that the language of the act plainly subjects *coroners* to the same *penalties*, yet it is contended they are not liable to the *summary remedy* by motion. I contend that they are, on the following grounds: 1. Because it was manifestly the *intention* of the Legislature to give the remedy. The intention of the Legislature in passing the act of 1819 was not merely to *inflict* a forfeiture on the sheriff for his default, but to furnish *speedy redress to the injured plaintiff.* The common law remedy of *case* was too tardy; the plaintiff might be ruined by delay in getting his money. The *summary* mode of redress constitutes a part of the penalty, in denying to the sheriff the usual notice of five days, a term to plead, and a trial term. Can it be supposed that the Legislature, in passing the act of 1833, intended to exempt coroners from any part of the penalty of the act of 1819, of which the summary infliction of the forfeiture is not the least? Can any sensible reason be given, why they should have allowed *them* the delay attending on the common law remedy rather than the *sheriff?* That such was their intention is shown by comparing the acts of 1819 and 1833 with those of 1807 and 1826, (Dig. 217-18,) by which it will appear that the coroner is included by name in the two latter acts. Now, can it be believed that the Legislature intended to subject the coroner to the summary remedy of 1807 for failing to return an execution, but to excuse him from the summary remedy of 1819? Statutes in *pari materia* are to be construed together.

Robinson, for defendant:

Patterson v. Gaston.

'This motion was made under the act of 1819 (Dig. 206,§ 22.) This act imposes a penalty and gives a remedy by motion for certain defaults, against sheriffs, and against them only. The act of 1833 (Dig. 159, § 2) requires the coroner (the sheriff being interested) to perform all his duties, and for defaults gives the same penalty. Now, although the same penalties are imposed, yet the latter act fails to give any remedy for the recovery of those penalties. Then, as the act does not expressly give the remedy by motion, can this court entertain such motion? If it can, it must do so by implication. These are highly penal acts, and being penal must be strictly construed.—Mason v. Parker, 1 Ala. 687. Then as the statute must be strictly construed, the court can take nothing by implication; and as it cannot take anything by implication, it cannot entertain a motion when the act gives none. The well-established rule is, that where a statute gives a right, but fails to give a remedy, that this right must be enforced at law, either debt or case.—1 Chit. Pl. 111, 143. This is sufficient to show that the demurrer was well taken.

But there is another view. When a sheriff collects money and fails to pay it over, the plaintiff may by motion recover the amount actually collected. But for a failure to return an execution, the act does not say what the plaintiff shall recover. Now, if the court cannot entertain a motion by implication, how can it by implication say that for a failure to return an execution the officer shall be liable for the whole amount of the execution?— To hold that this could be done would place the court in this attitude. The remedy to enforce a penalty is a matter of but little importance; the penalty and the amount thereof are all-important. Yet the court refuses to entertain a motion as the remedy by implication, and at the same time by implication fixes the amount of the penalty. It seems to me such a course would not be very wise.

DARGAN, C. J.—An execution issued from the Circuit Court of Madison in favor of the plaintiff against the sheriff, and was placed in the hands of the defendant as coroner, who failed to return it as required by law. The plaintiff moved the Circuit Court for judgment against him for his default. The coroner objected to the motion by way of demurrer to the notice given him of the intended motion, and insisted that he was not liable

Patterson v. Gaston.

to this summary remedy. The court gave judgment for the defendant, and the plaintiff brings the cause here by writ of error.

The only question is, whether a coroner is liable to this summary remedy to recover the penalties given by the act of 1833, for his defaults in the execution of process. By the act of 1807, (Clay's Dig. 217,) it is provided that if a sheriff, coroner, or marshal of a corporation shall fail to return an execution that shall have come to his hands to the office from whence it issued on or before the return day thereof, it shall be lawful for the court, on the motion of the party injured, ten days previous notice being given, to fine such officer in any sum not exceeding five dollars per month for every hundred dollars contained in the judgment or decree on which the writ issued, counting the time from the return day of the writ. The same act also imposes penalties on sheriffs and coroners for failing to pay over money collected by them, and gives a remedy by motion. By the act of 1819, (Clay's Dig. 205-6,) different penalties are prescribed against sheriffs, the amount being increased, and the same remedy given for their recovery. This act, however, does not include coroners. By the act of 1833, (Clay's Dig. 159,) it is enacted that the coroner shall execute all process when the sheriff is a party in interest, and perform all the duties of sheriff when from any cause he may be incompetent to act as such; he shall also be keeper of the jail when the sheriff is imprisoned; and for failing to perform any of the duties prescribed, he shall be liable to all the penalties prescribed against sheriffs for similar defaults. This act clearly subjects coroners to the same penalty for failing to return an execution that the act of 1819 imposes on sheriffs for similar defaults, but does not prescribe the remedy by which it shall be enforced, and hence it is contended that the action of debt is the only remedy by which the penalty can be recovered. We are however clearly of the opinion that the penalty may be recovered by motion. The remedy given by the act of 1807 against coroners has not been taken away by any subsequent act. It is true the penalty has been increased by the act of 1833, but this act contains no repealing clause, and consequently only repeals so much of the act of 1807 as is inconsistent with its provisions. It is true that if the two statutes are so repugnant to each other that they cannot stand together, the latter will repeal the former; but as the law

does not favor the repeal of statutes by implication, so far as the two acts are consistent with each other and can stand together, they should be sustained by the court.—Kinney v. Mallory, 3 Ala. 626; Wyman v. Campbell, 6 Porter, 219. The remedy by motion is given by the act of 1807, to recover the penalties imposed on coroners for certain defaults. These penalties were merely increased by the act of 1833, but this act contains nothing repugnant to the existence of the remedy given by the act of 1807. The penalties given by the two acts are different and inconsistent with each other, but that portion of the former act which gives the remedy and prescribes the mode of proceedure is entirely consistent with the latter, and by no principle of construction can we hold that such portions of the former act are repealed, and not being repealed, resort may be had to the remedy prescribed by the act of 1807, to recover the penalties given by the act of 1833. The act of 1833 does nothing more than increase the penalties, leaving the remedy the same.

Let the judgment be reversed and the cause remanded.