BRALEY *vs.* CLARK.

23   361
d121 307

1. A stranger to an attachment suit, who has replevied the property attached, cannot, after the rendition of judgment against the defendant, and a demand of the property on the bond, interpose a claim to the property under the statute, without having first surrendered it to the sheriff according to the condition of his bond.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. THOMAS A. WALKER.

The plaintiff in error sued out a writ of attachment against Francis Inge, returnable to the Circuit Court of Tuskaloosa, and caused it to be levied on a negro man slave named Jackson. After the levy, the defendant in error replevied the slave, by executing a replevy bond, with E. W. Peck his security, conditioned that, "if the defendant in the attachment, (Inge) shall be condemned in said action, and shall return to the sheriff of Tuskaloosa county, the specific property so attached, and described as aforesaid, according to the statute in such cases made and provided, and in case he fails to do so, his said securities will do it for him, then this obligation to be void; otherwise to remain in full force and virtue."

In the suit by attachment, the plaintiff in error obtained judgment against Inge, and thereupon the sheriff demanded the slave Jackson of Clark upon the replevy bond; and upon his failure to deliver him, returned the replevy bond "forfeited," on which an execution was issued against Clark and his surety, for the amount of the plaintiff's judgment against Inge.

At the term of the Circuit Court next succeeding the issue of execution on the forfeited replevin bond, to-wit: the November term, 1850, Clark moved the court for a *mandamus* to the sheriff, to compel him to accept and return into court an affidavit and bond for the trial of the right of property, which Clark had made and tendered to him when the slave was demanded under the replevy bond, and by which Clark claimed the slave as his own. This motion was granted, and
24

the sheriff accepted the bond and affidavit, and returned them into court; and the claim suit was set down on the docket of the court for trial.

At the April term, 1851, of the court, the plaintiff in error moved the court to dismiss the claim thus interposed by Clark; but his motion was overruled, and he excepted.

At a subsequent term, a trial of the claim suit was had, which resulted in favor of the claimant. The plaintiff in error excepted to the ruling of the court, and the case is brought here for revision.

From the bill of exceptions it appears, that the slave, although in the possession of Francis Inge, the defendant in attachment, was, in fact, the property of Decatur Inge, who, subsequent to the levy of the attachment, sold him to Clark, the claimant. Upon this evidence the court instructed the jury, that the claimant was entitled to a verdict. To which the plaintiff excepted, and requested the court to charge the jury, that the replevy bond given by the claimant estopped him from setting up a claim to the slave, and that the jury must find the slave liable to the execution; which charge the court refused, and the plaintiff again excepted.

It is here assigned for error:

1. That the court erred in not dismissing the claim to try the right of property;

2. That the court erred in the charge given to the jury, and in refusing to charge as requested.

P. & J. L. MARTIN, for plaintiff in error:

The claim suit was irregular, and should have been dismissed on the following grounds:

1. The order for a *mandamus* was irregular, no sufficient showing having been made to authorize it; and hence the proceedings had under the order should have been dismissed. *Ex parte* Jones, 1 Ala. 15, 98; 6 ib. 511; 18 ib. 436; 2 Leigh 165; 2 Wendell 444; 1 ib. 423; Bacon's Abr. Title Mandamus; 5 Comyn's Digest 31.

2. The affidavit and bond tendered were insufficient, if the claimant had been in a condition to make claim. The affidavit bears date in 1847, some two years before the bond was given, and is insufficient in its terms. The bond pur-

ports to be signed by an attorney in fact, whose authority for that purpose was not shown, and was not approved by the sheriff, but was received by him under coercion.

3. The claimant was not so situated in regard to the property as to authorize him to make the claim. The property having been replevied by him, he could not make claim under the statute, without first delivering it to the sheriff, according to the condition of his bond. His failure to deliver the property on demand rendered him liable for the whole judgment; and whether the property belonged to him individually, or to the defendant in attachment, it became liable to satisfy the plaintiff's debt, and the claimant became a joint judgment debtor with defendant in attachment. The tender of an affidavit and bond was no excuse for failing to deliver the property; the claimant was estopped from setting up title in himself. 8 Ala. 656; 4 ib. 279; 3 ib. 636; 18 ib. 436; 3 Stew. & P. 427.

4. The return of the replevy bond "forfeited" was regular, under the facts presented; and whether regular or not, until set aside, or in some way vacated, was binding on the parties, and rendered a trial of the right of property nugatory. A replevy bond may be given by a stranger. Kinney v. Mallory, 3 Ala. 626.

ORMOND & NICOLSON, contra:

The motion to dismiss, and the first bill of exceptions, cannot be inquired into by the court, as the motion should have been made at the first term after issue joined in the trial of right of property. This is the acknowledged practice of our State. If this be so, the court cannot inquire whether the mandamus was properly awarded or not.

But the mandamus was properly awarded. Ex parte Jones, 1 Ala. 15; Ex parte Mansony, ib. 98.

Clark had a right to purchase the negro though under attachment. Atwood v. Pierson, 9 Ala. 656; Jackson v. Gewin, 9 Ala. 114.

The title to the property never was in Francis Inge. Inge v. Forester, 6 Ala. 418.

The replevy bond cannot be executed by a stranger. Sewall v. Franklin, 2 Por. 493; Cummings v. Gray, 4 S. & Port.

397. The contrary is decided in Kinney v. Mallory, but the court did not examine the statutes in Toulmin's Digest.

LIGON, J.—The slave in controversy was levied on at the suit of Braley against Francis Inge, commenced by attachment. After the attachment was levied, Lincoln Clark made a replevy bond, and took him out of the custody of the sheriff. Judgment having been rendered against Inge in the suit in favor of Braley, the sheriff demanded the slave of Clark, who failed to deliver him, but offered to interpose a claim to try the right of property. The sheriff, however, refused to allow the claim to be interposed, and returned the bond "forfeited." After this return, the Circuit Court ordered the sheriff to receive and return into court the claim bond of Clark, and caused the claim suit to be placed upon the docket. At the next succeeding term, the paintiff in error moved to dismiss the claim suit; which motion was overruled, and at a subsequent term a trial was had in this suit, which resulted in a verdict and judgment in favor of the claimant.

Upon these facts the question arises, whether a stranger to the attachment suit, who has replevied the property attached, can, after judgment on the attachment, and after the property is demanded on the replevy bond, interpose a claim to the property replevied, without having first surrendered it to the sheriff, according to the condition of his bond?

In the case of Kinney v. Mallory, 3 Ala. 626, it was held by this court, that a stranger to the attachment suit might, under the acts of 1833 and 1837, well make the replevy bond required by our attachment laws; and that when such bond was so made, it was subject to such rules as would govern it if made by the defendant in attachment himself. The condition of the bond requires a delivery of the specific property replevied, if the defendant is condemned in the attachment suit; and until this is done, the bond remains in full force against all the obligors, and the property is out of the custody of the sheriff, and consequently is not so situated as to allow a claim under our statutes to be interposed. To authorize such claim, the property must be either in the actual or constructive possession of the officer of law under process. In the case under consideration, it had been taken out

of his possession by the defendant in error, under the replevy bond, and by him retained when demanded by the sheriff. It is true he might, under the condition of his bond, surrender the slave to the sheriff in discharge of his liability, and having thus placed it in the custody of the officer, he could, if he were disposed to do so, interpose his claim, and try the right to it. But having elected to forfeit the condition of the bond, thereby subjecting himself to a liability to pay the judgment rendered against Inge, the plaintiff in the attachment suit has an unquestionable right, under our statute, to sue out execution against him, and proceed to make his money out of any property of the obligors in the bond he may be able to find, regardless of the slave levied on by the attachment. If he does so, neither the defendant in the attachment, nor the obligors in the replevy bond, will be allowed to force him into a trial of the right to property which he does not seek to charge with the payment of his judgment.

It results from these views, that the Circuit Court erred in disallowing the motion to dismiss the claim suit; and as this error must prove fatal to any further procceding in that suit, it is unnecessary to examine the assignment of error predicated on the charge of the court on the trial of the claim in the court below.

It only remains to add, that the judgment of the Circuit Court is reversed, and the claim of the defendant in error to the slave in controversy is here dismissed.