## KIRK *vs.* MORRIS ET AL.

[BILL IN EQUITY TO ENFORCE STATUTORY RIGHT TO REPLEVY ATTACHED PROPERTY.]

1. *Replevy of attached property by stranger.*—The word *stranger*, as used in the statute authorizing the replevy of attached goods in the absence of the defendant, (Code, § 2536,) means a person who is not a party to the suit, and who acts for the benefit of the defendant in attachment; and it is his duty, having thus replevied the goods, to deliver them, on demand, to the defendant, whose bailee he is, or to return them to the sheriff.
2. *Same.*—If two or more persons, strangers to the suit, offer to replevy, the sheriff necessarily has a discretion in choosing between them ; in the exercise of which discretion, he ought to consult the interest of the defendant, in furtherance of the purpose of the law, and not the profit or advantage of the persons making the offer.
3. *Same.*—When a stranger offers to replevy for the benefit of the defendant, and his offer is improperly refused by the sheriff, he may enforce his statutory right, for the benefit of the defendant, in a court of law ; but he has no such interest in the subject-matter of the suit as authorizes him to come into equity for relief, although he also

alleges that, after refusing his offer, the sheriff allowed the goods to be replevied by other strangers, who therein acted at the instance, and for the benefit of the plaintiff.

APPEAL from the Chancery Court at Montgomery.
Heard before the Hon. N. W. COCKE.

THE bill in this case was filed, on the 10th January, 1866, by Eben Kirk, against Josiah Morris, W. C. Ray, A. F. Given, E. H. Metcalf, D. Browder, Edward H. Wilson, the Bank of Louisiana, (a corporation chartered under the laws of Louisiana, and doing business in the city of New Orleans,) and A. H. Johnson, the sheriff of Montgomery county. Its material allegations were these : That on the 10th July, 1865, an attachment was issued by J. H. Nettles, a justice of the peace in and for said county, at the suit of Edward H. Wilson, against the Bank of Louisiana ; that said attachment was levied, on the same day, by W. H. Ogbourne, as special bailiff, on two hundred and twenty-seven bales of cotton in said county, as the property of the defendant in attachment ; that under an order of the circuit court of the county, at its December term, 1865, to which said attachment was made returnable, said cotton was delivered into the possession of the sheriff, and he was directed by another order to sell the same as perishable property ; that the sheriff accordingly advertised said cotton for sale on the 15th January, 1866 ; that on the 5th January, 1866, the complainant made application to said sheriff, to be allowed to replevy said cotton, and tendered to him a good and sufficient replevin bond ; that the complainant was a stranger to said attachment suit, and not in any manner interested therein, and, in making said offer to replevy, "was acting for the benefit of the said Bank of Louisiana, and at the instance, and by the inducement of the persons who have the management, control, and direction of its affairs and business"; that the sheriff refused to accept said bond, and refused to allow complainant to replevy said cotton, "on the ground that there was an order made by said circuit court which did not allow him to permit said cotton to be replevied"; that on the 9th January, 1866, the said circuit court "declared said

Kirk v. Morris et al.

order did not affect the right of any party to replevy the cotton, who was by law entitled to replevy the same"; that on said 9th January, 1866, the sheriff accepted a replevin bond for the cotton from said Morris, Ray, Given, Metcalf and Browder; that in giving this bond, and thus replevying said cotton, said obligors did not act for the benefit, or at the instance of said defendant in attachment, but acted for the benefit of said plaintiff in attachment, and at his instance and request, or under some arrangement with him; that this fact was known to the sheriff when he accepted their bond; and that there was danger of the removal of the cotton beyond the jurisdiction of the court. The prayer of the bill was, that the several defendants who had the possession or control of the cotton might be enjoined from removing, or otherwise disposing of it, and required to deliver it to the sheriff; and for such other and further relief as the nature of the complainant's case might require.

The chancellor sustained a demurrer to the bill, for want of equity, and his decree is now assigned as error.

ELMORE, KEYES & GUNTER, for appellant.—1. The complainant brought himself within the strict letter of the statute, (Code, § 2536,) when, being a stranger to the suit, and acting for the absent defendant in attachment, he tendered to the sheriff a good and sufficient replevin bond. This provision of the statute was designed for the benefit of absent defendants, and must receive a liberal construction to advance that purpose. To allow a stranger to replevy for his own benefit, or for the benefit of the attaching creditor, would contravene the purpose of the statute, and injure the very person whom it was intended to benefit.

2. The wrongful act of the sheriff, in refusing to accept a sufficient bond when tendered, deprived the complainant of a clear legal right, which he has no adequate remedy at law to enforce. A *mandamus* against the sheriff would be of no avail, because, having accepted a bond from the other defendants, he cannot now allow the complainant to replevy. If he cannot maintain a bill in his own name, then he has a right without remedy. The strictest requisitions of the rule, as to parties in equity, is complied with by making the

defendant in attachment a defendant to the bill.—Story's Eq. Pl. §§ 72, 76, note 2; 2 Calvert on Parties, 3-11; 8 Price, 377; 1 Beav. 600; 3 Beav. 494; 1 Daniell's Ch. Pr. 241-2, 254-5.

GOLDTHWAITE, RICE & SEMPLE, and CHILTON & THORINGTON, contra, contended—1st, That the right to replevy, given to strangers by the statute, was not confined to a mere agent or attorney of the defendant in attachment; and when several strangers offered to replevy, the sheriff must necessarily have a discretionary power to decide between them.

2. That if the complainant's offer to replevy was wrongfully refused, the circuit court in which the suit was pending, could afford him full redress.—Fanning v. Dunham, 5 Johns. Ch. 137-44; Love v. Williams, 5 Ala. 58; Mobile Cotton Press v. Moore & Magee, 9 Porter, 679; Code, sections 561-3.

3. That the complainant showed no interest, legal or equitable, in the subject-matter of the suit, which would authorize him to come into equity for relief.—Story's Eq. Pleadings, § 731.

JUDGE, J.—Goods or chattels taken in attachment, in this State, may be replevied by the defendant, "or, in his absence, by a stranger."—Code, § 2536. Who is a "stranger", within the meaning of this section of the Code? In determining this question, we will briefly notice the previous legislation on the subject.

Prior to the adoption of Aiken's Digest, the replevin bond in attachment cases was a mere bail bond, required to be payable to the sheriff, and to be assigned by him to the plaintiff; and in suits for the recovery of sums exceeding the jurisdiction of justices of the peace, even in the case of an absconding debtor, it was required to be executed by the defendant, his agent, attorney, or factor.—Adkins v. Allen, 1 Stew. 130; Sartin v. Weir, 3 Stew. & Port. 421; Cummins v. Gray, 4 Stew. & Port. 397; Sewell v. Franklin, 2 Port. 493. By section 11, page 40, of Aiken's Digest, which was adopted in 1833, it was declared, that the prop-

Kirk v. Morris et al.

erty should remain in the custody of the officer, "unless the defendant, his or her agent or attorney, or some other person, replevy the same by giving bond", &c.—*Kinney v. Mallory*, 3 Ala. 626. In the section of the Code above cited, the word "*stranger*" was substituted for the words "*or some other person*", as found in Aiken's Digest. Both were intended, however, to mean the same thing, namely, a person not a party to the suit, who acts for the benefit of the defendant in attachment. This right was doubtless given to a stranger, to remedy the inconvenience and hardship which might result to the defendant, from a levy upon his goods in his absence, when he could have no opportunity of replevying them himself.

What are the rights of a defendant, as to his property taken in attachment, when it has been replevied by a stranger? It has been the settled law of this State, for a period of more than thirty years, that the levy of an attachment creates a lien in favor of the attaching creditor, which can not be divested by the replevying of the property; and that when attached, it is in the custody of the law, to abide the judgment in the particular case.—*McRae & Augustin v. McLean*, 3 Porter, 138; *Pond v. Griffin*, 1 Ala. 678; *Rives & Owen v. Wilborne*, 6 Ala. 48. The law, as thus declared, was not changed by the adoption of the Code; on the contrary, sections 2539 and 2470 evidently contemplated such to be the law. It is well settled, also, that by the replevying of the property, the defendant, pending the suit, has the right of possession, though his custody is, for the time, the custody of the sheriff. "The two interests may well exist together: the one respects the *right*, the other the *possession*, of the property."—*McRae & Augustin v. McLean*, *supra*.

In providing for a replevy by a stranger, it was not the intention of the legislature to restrict or impair the defendant's right as to the possession of the property, when replevied; otherwise there would be the anomaly in the law of a remedial statute perpetrating injury and oppression upon those whom it was intended to benefit. The term "replevy" means, "to redeliver goods which have been distrained, to the original possessor of them, on his giving

pledges ", &c.—2 Bouvier's Law Dic. 450. And when words are used in a statute which have a fixed and definite meaning at common law, the inference is, that they were intended to be used in their common-law sense.—*Ex parte Vincent*, 26 Ala. 145.

When property attached has been replevied by a stranger, the defendant has the right to demand of the stranger the possession of it ; and on such demand being made, it is the duty of the stranger, either to restore the property to the defendant, or to return it to the sheriff. In the latter event, the defendant may exercise the right of replevying it himself ; and in neither event will the right of possession, given by the law to the defendant, be abridged or impaired. No valid objection can exist, in such case, to the return of the property to the sheriff, by the stranger, in the discharge of his bond, should he elect to pursue that course; and it is believed to be sanctioned by authority.—*McRae & Augustin v. McLean*, *supra*. The stranger, as to the possession of the property after he has replevied it, stands as a bailee for the defendant, without reward ; he is a depositary who is to keep the property with the ordinary care applicable to the case under the circumstances, and who cannot make use of the property without the consent of the defendant, expressly given or reasonably implied ; and who is bound, as before stated, to restore it to the defendant, or return it to the sheriff, upon demand.—2 Kent, 561.

On the demand of the defendant, if the property be not restored to him, or returned to the sheriff, what would be the defendant's remedy? Whether it would be in a court of law, or in a court of equity ; or whether the jurisdiction of the two courts, in such case, would be concurrent, we need not decide, as these questions are not legitimately presented in this case. We may remark, however, that a stranger, who has replevied property taken in attachment, ceases to be a stranger to the suit, from the time the replevin bond is executed, and the property is delivered to him. By the act of replevying, he introduces himself to the suit, and becomes, though not a technical party, yet a party to the proceedings ; and being in the possession of property which is in the custody of the law, is he not within the

Kirk v. Morris et al.

legitimate reach of proper action, in regard to the property, by the court in which the suit is pending? A replevin bond, when given by a stranger, is subject to such rules as would govern it if made by the defendant in attachment himself.—*Kinney v. Mallory, supra;* also, *Braley v. Clark,* 22 Ala. 361.

2. When more persons than one, not parties to the suit, make application to replevy, the law prescribes no rule by which the officer shall be governed in deciding as to who among them may exercise the right. From the character of the particular duty to be performed, this must necessarily be left very greatly to the discretion of the officer, as is the case in the performance of many ministerial duties by officers, involving as to themselves responsibility and the risk of pecuniary loss. A contrary rule might lead to contests and litigation, producing delays, and defeating the beneficial purpose intended to be accomplished. In every such case, let whoever may succeed in replevying the property, the duties and responsibilities cast upon him by the law in regard to it are the same. The officer, however, in the exercise of the discretion vested in him, should not abuse it. He should remember that the object of the law, in permitting the property to be replevied, is not to give profit or advantage to any one, at the expense of the defendant ; but that it is to relieve the property from the actual custody of the officer, and restore it to the defendant, and thereby to save the expenses, and secure to the plaintiff a return of the property, or the payment of the debt, in the event of a recovery.

3. It follows, from the views we have expressed, that the complainant in the case before us acquired no interest or estate whatever in the property attached, by his offer to replevy it for the benefit of the defendant, although his offer was refused by the sheriff; and that consequently, he is entitled to maintain no suit in equity, in respect of the property, or of the right to its possession.—*Dursley v. Berkeley,* 6 Vesey, 252 ; *Allan v. Allan,* 15 Vesey, 135.

The person entitled to replevy, under section 2536 of the Code, though a stranger, might enforce the right, if refused him, for the benefit of the defendant, in a court of law.

In the latter court, (unless the rule be changed by statute, as it is to a certain extent in this State, by section 2129 of the Code,) suits must be instituted in the name of the person having the legal title. But a court of chancery requires the real party in interest to bring the suit, except in certain cases where the complainant represents the rights of those for whom the suit is brought, both legally and equitably, as in the case of executors, or of trustees, &c.—*Sedgwick v. Cleveland,* 7 Paige, 287; *Oakey v. Bend,* 3 Edw. Ch R. 482; also, *Stone v. Hale,* 17 Ala. 557.

In this case, the complainant has no interest in the subject-matter of the suit, or right to the thing demanded, and no proper title to institute the suit; therefore, the bill was properly dismissed by the chancellor for the want of equity. Story's Eq. Pleadings, §§ 728, 301, 260, 261.

The view we have taken of the case renders it unnecessary to examine the other questions presented and argued, both at the bar, and upon the briefs of counsel.

Let the decree of the chancellor be affirmed.