# Rhodes & Broadfoot *v.* Smith.

*Supersedeas of Execution on Forfeited Replevy Bond.*

1. *Replevy of attached property, by stranger.*—When personal property, on which an attachment has been levied, is replevied by a stranger in the absence of the defendant, as authorized by the statute (Code, § 3289), he is presumed to act for the benefit of the defendant, and must deliver the property to him on demand, or return it to the sheriff; and he can not, while holding the property under the bond, deny the title of the defendant, or assert title in himself.

2. *Claim of attached property, by stranger.*—A stranger may interpose a

[Rhodes & Broadfoot v. Smith.]

claim to property on which an attachment has been levied, before it has been replevied by the defendant, on making affidavit, and giving bond conditioned as prescribed by the statute (Code, §§ 3290, 3341) ; but, in this case, he does not act for the benefit of the defendant, and can not be required, in any event, to restore the property to him ; nor can he discharge himself from liability on his bond, by returning it to the sheriff, without the assent of the plaintiff in attachment.

3. *Summary execution on forfeited bond.*—Whether the attached property is replevied by a stranger, or a claim interposed in his own name, and bond given for a trial of the right of property—in either case, if the condition of the bond is broken (Code, § 3291), and it is returned forfeited, it has the force and effect of a judgment, on which an execution may be issued against all the obligors.

4. *Waiver of defects in claim bond.*—When a claim is interposed to property on which an attachment has been levied, the bond required by the statute being intended for the benefit of the plaintiff, he may waive any defects or irregularities therein ; and the failure to object, at some proper stage of the proceedings, to any defect or irregularity which might be cured by amendment, is a waiver of it.

5. *Same.*—In this case, the bond executed by the claimant being in form and substance a replevy bond, but accepted and treated, without objection, as a regular claim bond ; and a trial of the right of property, as if regularly instituted, having been conducted and carried on for eight years, during which there was a mistrial of the cause ; *held*, that the defects in the bond were waived, and the plaintiff could not then have the claim suit struck from the docket, and the bond returned forfeited *as an ordinary replevy bond.*

6. *Quashing execution irregularly issued.*—Every court has the inherent power, exercised for the advancement of justice, to quash an execution issued by its ministerial officer irregularly and improvidently ; as where a bond is improperly returned forfeited, and a summary execution is thereupon issued against the obligors.

APPEAL from the Circuit Court of Lauderdale.
Tried before the Hon. W. B. WOOD.

This was a proceeding by *certiorari* and *supersedeas*, at the instance of the appellants, to quash a summary execution issued against them and their sureties, on a bond which had been by the sheriff returned forfeited as a replevy bond. On the hearing, the court dismissed the *certiorari* and *supersedeas*, on motion of the plaintiff in execution ; and its judgment is now assigned as error. The opinion states all the material facts.

W. COOPER, and R. O. PICKETT, for appellants, cited *Bettis v. Taylor*, 8 Porter, 565 : *Cordaman v. Malone*, 63 Ala. 556 ; *Shaw v. Railroad Co.*, 11 Otto, 557 ; *Hall v. Dargan*, 4 Ala. 696 ; *Lucas v. Hitchcock*, 2 Ala. 287 ; *Dent v. Smith*, 15 Ala. 286 ; *Mitchell v. Ingraham*, 38 Ala. 395 ; *Anderson v. Rhea*, 7 Ala. 105 ; *Dunlap v. Clements*, 18 Ala. 778 ; *McDowell v. Mitchum*, 37 Ala. 419 ; *Vaughan v. Robinson*, 22 Ala. 519.

J. B. MOORE, *contra.*—The bond which was returned forfeited, and on which the execution sought to be quashed was issued, was given on the 4th February, 1871, and was a simple

replevy bond. The affidavit made on that day by Spencer Rhodes claimed the property as belonging to himself, R. M. Broadfoot, and P. M. Rhodes; but no claim bond was given by or on behalf of those three claimants, and no such claim suit has ever been pending. That a bond and affidavit are indispensable to the commencement of a claim suit, see *Mac-Adams v. Beard*, 34 Ala. 482. The claim suit shown by the record was instituted on the 13th October (eight months afterwards), by Peter Broadfoot, in the name of himself and Spencer Rhodes, and bond given to try the right of property. But such a suit could not be commenced, without a return of the property to the sheriff.—*Braley v. Clark*, 22 Ala. 264; *Cooper v. Peck & Clark*, 22 Ala. 406; *Rives v. Wilborne*, 6 Ala. 45. The claim suit was, therefore, properly dismissed. But, if it was improperly dismissed, or even if it were still pending, that would be no defense to the forfeiture of . the replevy bond, or an execution on the forfeited bond. The condition of the bond was not complied with, and Rhodes and his sureties are estopped from denying the title of the defendant in attachment.—38 Ala. 399; 10 Ala. 828; 4 Ala. 279; 32 Ala. 469; 3 Ala. 636; 6 Ala. 164; 22 Ala. 361, 408.

BRICKELL, C. J.—The statute confers on a defendant in attachment, *or, in his absence*, on a stranger, the right of replevying goods or chattels seized under the writ, by executing a bond, with surety, payable to the plaintiff, in double the amount of the demand, with condition that, if the defendant fail in the action, he or his sureties will return the specific property attached, within thirty days after judgment; which bond must be returned, with the other papers of the cause.—R. C. § 2964; Code of 1876, § 3289. When replevied by a stranger to the writ, he is presumed to act for the benefit of the defendant, to remedy the inconvenience or hardship which may result from the seizure of his goods in his absence. Of him the defendant may demand possession of the goods; and in that event, it would be his duty to restore them to the defendant, or return them to the sheriff, in the discharge of the bond, that the defendant may for himself exercise his own right of replevy.—*Kirk v. Morris*, 40 Ala. 225.

By the execution of the replevy bond, the stranger so far connects himself with the attachment suit, that he must take notice of the judgment therein rendered, and can not, while retaining the goods under the bond, dispute or deny the title of the defendant. If the title resides in him, and the defendant is without an interest therein subject to levy, this will not excuse him from performance of the condition of the bond. The redelivery of the goods, to answer the levy of the writ,

[Rhodes & Broadfoot v. Smith.]

is the duty to which the bond obliges him. When he has re-delivered them, he may then interpose a claim to them, and demand a trial of the right of property.—*Braley v. Clark*, 22 Ala. 361; *Cooper v. Peck, Ib.* 406.

Before a replevy by the defendant, of goods attached, a stranger claiming them may intervene, and replevy them, on making affidavit, and giving bond, with condition that he will have them forthcoming to answer the judgment in the attachment suit, if they are found liable therefor, and also for the payment of such costs and damages as may be recov-ered for putting in the claim for delay.—Code of 1876, § 3341. In this instance, the stranger is not acting for the benefit of the defendant—bears no relation to him; and in no event can he be compelled to restore to him possession of the goods. Nor can he return them to the sheriff, and thereby discharge the obligation of the bond into which he enters, without the assent of the plaintiff in attachment.

In either case, whether the bond is a mere replevy bond, executed in the absence, and for the benefit of the defendant in attachment, or a bond given for the trial of the right of property, the officer making the levy, and taking the bond, must return it, with the attachment, into the court to which the attachment is returnable; and either bond, if its condi-tion is broken, and it conforms to the statute, may have the force and effect of a judgment, on which an execution may issue against all the obligors.

A trial of the right to personal property, levied on by legal process, is a statutory proceeding, having all the form and substance of a suit or action at law. It is initiated by the claim of a stranger, making oath in writing to the property, and giving bond as prescribed by the statute. The plaintiff in the process then becomes the actor in the suit, and on him rests the burden of maintaining the affirmative fact asserted by the levy, that the property is subject to the levy.—*Jewett v. Hobson*, 11 Ala. 434; *McAdams v. Beard*, 34 Ala. 478. The affidavit and bond of the claimant are returned into the court to which the attachment or execution is returnable, unless the levy is made in another county. When these are returned into the court, it is the duty of the clerk of the court to docket the trial of right of property, as a separate, independent cause, in which an issue, foreign to any involved in the attach-ment suit, is to be formed, with a stranger to that suit. The affidavit and bond required of the claimant are each intended for the benefit and protection of the plaintiff in attachment, to avoid the making of fictitious claims for delay, or other improper purposes; and to secure him the value of the prop-erty, if it is adjudged liable to the process. Being intended

(12)

for the benefit of the plaintiff, he may waive defects or irreg-
ularities in both, or in either. Whatever rights or benefits
are intended for the advantage or protection of a party to a
judicial proceeding, not involving the jurisdiction of the court
over the subject-matter, he may, at pleasure, renounce or
assert; and I apprehend there can be no doubt, that all objec-
tions, kindred to such as could be made to the want or suffi-
ciency of an affidavit, or a bond for the trial of the right of
property, which, when well founded, may be removed and
cured by the making of a sufficient affidavit, or a sufficient
bond, by order and leave of the court,—are waived, if there is
an omission to make them at some proper stage of the pro-
ceedings. They are not open to inquiry collaterally; do not
affect the regularity or the validity of the proceedings, and,
even on error, will not be looked into, if not made the matter
of specific objection in the primary court.—2 Brick. Dig. 479,
§§ 59–62.

We have stated these general propositions, in view of the
peculiar state of facts presented by this record, and because
they form the foundation of the judgment we must pronounce.
The appellee, Smith, claiming a statutory lien on crops
grown by one Henry Hall, sued out a writ of attachment,
returnable to the Circuit Court, for its enforcement. The
attachment, on the 3d February, 1871, was by the sheriff
levied on certain cotton. On the 4th February, 1871, the
appellant, Spencer Rhodes, made before the sheriff affidavit
that the cotton was the property of himself, R. M. Broadfoot,
and P. M. Rhodes, and not the property of Henry Hall; and
gave bond, in form and substance a mere replevy bond, with
James Hancock and J. O. Jones as his sureties. The bond
and affidavit were by the sheriff returned, with the attach-
ment, into the Circuit Court; and on the docket of that court
was entered a cause for the trial of the right of property to
the cotton, in which the appellee, Smith, appears as plaintiff,
and Rhodes & Broadfoot as defendants. This cause was
continued, the parties appearing, until the Fall term, 1876,
of the Circuit Court, when, on a proper issue, directed only
to the merits, involving only the inquiry whether the prop-
erty was subject to the attachment, a trial was had before a
jury, who were unable to agree on a verdict; and by consent,
a juror was withdrawn, and the cause restored to the docket.
The cause was subsequently continued, until the Spring term,
1879, when the appellee moved to strike it from the docket,
upon the theory that the bond was a mere replevy bond, and
Rhodes could not claim a trial of the right of property with-
out restoring the property to the possession of the sheriff, in
performance of the condition of the bond. This motion was

overruled. At the Fall term, 1873, Smith obtained judgment in the attachment suit against Hall; and on it a general *fieri facias* was issued, on the 7th November, 1873, returnable to the ensuing term of the Circuit Court. The writ was duly returned by the sheriff, *No property found;* and no other execution was issued, until the 7th May, 1879, after the motion to strike the cause from the docket was overruled, when Smith, having procured the sheriff to return the bond as forfeited, obtained an execution thereon against the obligors therein. The quashing of that execution is the purpose of the present proceeding.

The power and duty of the court to quash the execution, if it was irregularly and improvidently issued, is undoubted. It is a power inherent in all courts, exercised for the advancement of justice, to correct the errors of ministerial officers, and to control their own process, preventing its irregular and unjust use.—*Mobile Cotton Press v. Moore,* 9 Port. 679. Whether the bond was a mere replevy bond, or a bond for the trial of the right of property; whether Rhodes was in a condition to claim a trial of the right; whether he was not bound first to restore to the sheriff possession of the cotton—were, in their very nature, inquiries which ought to have been made and determined in the earliest stage of the proceedings, before costs were multiplied, and he was lured into security, by being accepted and treated as bearing no other relation, and subjected to no other liability, than that of a claimant of the property. It was for the plaintiff to determine whether he would accept and act on the bond, as a sufficient security to him for a trial of the right of property, or whether he would require a new bond conforming to the statute, before entering into the contest with the claimant. The bond is intended for his security—it is for his protection and benefit; and he may, at his election, waive its insufficiencies. In this case, they were waived, and all right to treat the bond as a mere replevy bond was lost by the plaintiff's own conduct. It was not his right for eight years to treat the bond as a bond for the trial of the right of the cotton, and then, when it is probable the claimant has parted with the cotton, rendering its restoration to the sheriff, and the interposition of a claim impossible, to repudiate it as a claim bond, and insist on it as a mere replevy bond.

Nor is it from the bond alone to be ascertained whether it was intended and taken as a replevy, or as a claim bond. The bond is only a single paper in the proceedings, and is to be taken and read in connection with the other papers returned into court with it. When this bond is taken in connection with the affidavit claiming the cotton—an affidavit

which would have been superfluous, and ought not to have accompanied it, if it had been intended and taken as a mere replevy bond—it is impossible to regard it as a bond of the latter character. It is inartificially drawn, as is not uncommon with such bonds, usually prepared by mere ministerial officers, who often do not understand the difference in the conditions of bonds they are authorized to take.

A conclusive test of the relation of the parties may be found in the simple inquiry, whether the court would, in this case, have been authorized to compel the claimants to restore the cotton to the possession of the defendant in attachment, if he had demanded it. Restoration to possession would have been his right, if the bond is a mere replevy bond, executed by a stranger in his absence. But it is not his right, if the bond is executed by a claimant of the property, denying his title and right of possession. There can be no doubt that no court would, under the facts shown by the record, have entertained such an application. It would have been refused, upon the ground that the property was in the custody of the claimant as his own property, subject to the judgment in the claim suit. This view is conclusive that the bond can not be regarded as a mere replevy bond; and not being a bond of that character, the execution issuing on it was irregular and improvident, and ought to have been quashed. If, in its present form and condition, the bond is not an adequate security to the plaintiff, and a bond conforming to the statute is deemed necessary, it is within the power of the Circuit Court to require its execution; and if it is not executed, to dismiss the claim suit. This power resides in the court, so long as the claim suit is *in fieri*, if its exercise is properly invoked. We deem it proper to add, that though the present bond may not be a statutory bond, upon which statutory remedies can be pursued, it is valid and operative as a common-law bond.

The judgment of the Circuit Court is reversed, and the cause remanded, that the execution issuing on the bond may be quashed and vacated.