# Louisville & Nashville Railroad Co.
# v. Sharp.

*Statutory Trial of the Right of Property.*

1. *Garnishment; interposition of claim by third person; defense.* Where a debt has been garnished and a claim thereto is interposed by a third person as provided by section 2200 of the Code, and issue is made up in the claim suit as provided by

statute (Code, § 4142), the plaintiff, on whom is placed the burden of proof, after showing a *prima facie* case, may, without special plea, show in rebuttal to the case made by claimant, any facts which would be a good defense to the claim of the claimant, whether by estoppel or otherwise.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

On the 6th day of July, 1897, the Louisville & Nashville Railroad Company sued out an attachment from the circuit court of Montgomery county against C. A. Sharp & Co., a partnership composed of Orimer K. Sharp and Josephine A. Sharp, which was levied by the sheriff of said county by serving a writ of garnishment on J. C. Haas & Co. on the same day. The Louisville & Nashville Railroad Company's claim or cause of action arose from the following facts: C. A. Sharp & Co. in November, 1896, sold to Seesel, Ashner & Sugarman, of New Orleans, a car load of apples, which car, by direction of the shippers, was diverted from New Orleans and delivered to Haas & Co. at Montgomery. Seesel, Ashner & Sugarman brought suit against the Louisville & Nashville Railroad Company to recover damages for delivering the apples which they had purchased from Sharp & Co. to Haas & Co., and recovered a verdict for $144, besides $14.85 costs, for and on account of the diversion of said apples, which amount the records show was paid by said railroad company. The attachment in this case is sued out for the purpose of recovering the amount so recovered against said railroad company by Seesel, Ashner & Sugarman. Haas & Co. answered the writ of garnishment, admitting the purchase from C. A. Sharp & Co., of a car load of apples for which they were to pay the said C. A. Sharpe & Co. the sum of $186.10, which amount they admitted to have on hand, and suggested Clara A. Sharp as a claimant for the amount of money admitted by them to be in their hands. On the hearing of the case, the claimant, Clara A. Sharp, propounded her claim to the money in the hands of Haas & Co.

The claim as interposed by Clara A. Sharp and which was sworn to by her is in words and figures as follows:

"Before me, Edward C. Hart, a notary public in and for said State and county, personally appeared Clara A. Sharp, who being first duly sworn, deposes and says, that she is a citizen of said State and county, and is engaged in the business of a grower and dealer in apples, under the name of C. A. Sharp; that she is not now, and never was, a member of the firm of C. A. Sharp & Co. of Lockport, New York, which firm is composed of Orimer K. Sharp and Josephine A. Sharp, and that said firm is the successor of the firm of C. A. Sharp & Co., which was composed of Carlos A. Sharp; Orimer K. Sharpe and Josephine A. Sharp; that the money garnished in the hands of J. C. Haas & Co. of Montgomery, Alabama, on a writ of garnishment issued in the case of the Louisville & Nashville Railroad Company, plaintiff, and Orimer K. Sharp and Josephine A. Sharp, defendants, pending in the circuit court of Montgomery county, Alabama, is the property of the affiant, and is not the property of C. A. Sharp & Co., the defendants in said suit." Plaintiff objected to this claim and moved to strike the same from the file. The court overruled the motion and the plaintiff duly excepted. The plaintiff then filed the following answer to the claim of the claimant: "Comes the plaintiff and for answer to the claim of said Clara A. Sharp, propounded in said cause, says: 1. That said money is not, and was not, at the time of service of process in this cause, the property of said Clara A. Sharp, but was liable to plaintiff's claim.

"2. That said money in the hands of Haas & Co. arose from the sale of a car load of apples, which had been sold by C. A. Sharp & Co. to Seesel, Ashner & Sugarman, and which had been delivered to the New York Central & Hudson River Railroad Company, under a bill of lading consigning said apples direct to Seesel, Ashner & Sugarman, at New Orleans, La., and that said bill of lading, together with an account thereof, made in the name of C. A. Sharp & Co., was sent through the United States mails, and delivered to Seesel, Ashner & Sugarman at New Orleans, with a request for the payment of said account by said last named party. The said carload of apples came into the pos-

session of plaintiff under said bill of lading above referred to, and that later, at the request and by the direction of C. A. Sharp & Co., the said apples were diverted from New Orleans and were delivered to J. C. Haas & Co. at Montgomery, and sold by them. That Clara A. Sharp was not a member of the firm of C. A. Sharp & Co. and that plaintiff never knew anything of her claim to said apples until after the same had been diverted and delivered to said Haas & Co., and that said apples were received from said Sharp & Co. by the New York Central & Hudson River Railroad Company in the usual course of business, without any knowledge of any claim of the said Clara A. Sharp. That said Seesel, Ashner & Sugarman were at the time of the transactions hereinabove mentioned, and at the time of the delivery of said apples to said Haas & Co., and ever since, solvent, and that they never consented or agreed to the delivery of said apples to Haas & Co.; that said Seesel, Ashner & Sugarman brought suit against the plaintiff, and compelled plaintiff to pay the sum of $144, besides $14.85 costs for and on account of the diversion of said apples. That Clara A. Sharp is the wife of Orimer K. Sharp, by whose direction the carload of apples was diverted as above stated." The claimant moved to strike the second plea filed by the plaintiffs upon the following grounds: "1st. Because the law does not contemplate the filing of pleas in this proceeding, but that the issues shall be formulated under the direction of the court. 2d. That the said plea is frivolous." This motion was sustained. Thereupon an issue was made up under the direction of the court between the plaintiff and the claimant.

The evidence showed without conflict that the apples in question were grown by Clara A. Sharp, the claimant, and were sold for her by C. A. Sharp & Co. under a contract to receive $10 a car as commission for all carload lots of apples sold by them for her, which commissions have been paid.

The evidence showed that in 1896, the firm of C. A. Sharp & Co. was composed of Josephine A. Sharp and Orimer K. Sharp; that for some years, and up to about three years prior to 1896, Charles A. Sharp, the hus-

band of Josephine an dthe father of Orimer K. Sharp, was a member of the partnership doing business under the firm name of C. A. Sharp & Co., and that after his death in 1893, the partnership name of C. A. Sharp & Co. was continued, and that Clara A. Sharp, the claimant, who was the wife of Orimer K. Sharp, had no connection with the partnership or interest in the business; that the business done by her was the growing of apples for market, while that of C. A. Sharp & Co. was as merchants dealing in sundry things, among which was the selling of apples on commission.

During the trial of the case the plaintiff objected to the testimony introduced by the claimant tending to show the claimant's right to the fund in question. The court overruled these several objections, and to each of these rulings the plaintiff separately excepted. The court at the request of the claimant in writing, gave the general affirmative charge in her behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict. and judgment for the claimant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. M. FALKNER and CHAS. P. JONES, for appellant, cited *Bent. v. Jerkins*, 112 Ala. 485; *Leigh Bros. v. M. & O. R. R. Co.*, 58 Ala. 165.

WATTS, TROY & CAFFEY, *contra*, cited 3 Brick. Dig. 405, § 22; *Cen. R. R. & B. Co. v. Ingram*, 95 Ala. 152; *Cowan v. Hardware Co.*, 95 Ala. 324; *Rhodes v. Smith*, 66 Ala. 174.

DOWDELL, J.—The claim interposed in this case conforms to the requirements of the law and the court properly overruled plaintiff's objection to the same. Code, § 2200.

In a trial of the right of property where a claim is interposed, the statute provides for the issue to be made up under the direction of the court.—Code, §§ 2200, 4142. The issue when properly made is an affirmation on the part of the plaintiff that the property levied on

under the attachment is the property of the defendant in attachment and subject to levy, and a denial by the claimant. The plaintiff is the actor in the suit, and on him rests the burden of maintaining the affirmative fact asserted by the levy; that is, that the property levied on is the property of the defendant.—*Rhodes v. Smith*, 66 Ala. 174; Code, § 4142.

In answer to the claim interposed, the plaintiff sought by special plea No. 2 to set up what seems to have been intended as an estoppel. In the first place, under the issue when made up as the statute directs, after the plaintiff, on whom the law places the burden of proof in the first instance, has shown a *prima facie* case, he may show in rebuttal of the case made by the claimant any facts which in law would be a good defense against the claim of the claimant, whether by estoppel or otherwise. In the second place, the facts set up in plea 2 are insufficient to create an estoppel. The fact that the course of dealing between the claimant and C. A. Sharp & Co. was unknown to plaintiff, cannot under the circumstances in this case, operate to defeat her title to the funds in question. The court, therefore, committed no error in striking, on claimant's motion, what is designated as plea 2.

The portion of the testimony objected to by plaintiff went directly to the establishment of claimant's title to the funds in question, and was, therefore, relevant and legal, and the court committed no error in overruling the objection.

The evidence without conflict showed that the money garnished in the hands of Haas & Co. was the purchase price of a car load of apples sold by the defendants in attachment, Sharp & Co., to Haas & Co., and that the apples were the property of the claimant, and that Sharp & Co. in making the sale did so as the agents or brokers of the claimant. On this undisputed evidence the claimant was entitled to the general charge, which the court gave at her request. We are of the opinion that no error was committed by the court below and the judgment will be affirmed.

Affirmed.