# Christian *v.* Morris.

*Action on Promissory Note, by Payee against Maker.*

1. *Promissory note of executor.* — A promissory note, given by an executor, is his personal contract, and will not support an action against him in his official capacity, although words descriptive of his representative character are added to his signature.

2. *Amendment of summons and complaint, in description of defendant.* — Where the summons and complaint are against the defendant in his representative character as executor, they cannot be so amended as to authorize a recovery against him personally.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. P. O. HARPER.

The transcript in this case has been lost. Nothing but the opinion has come to the hands of the reporter.

F. M. WOOD and W. C. OATES, for appellant.

[Christian v. Morris.]

B. F. SAFFOLD, J. — The appellee summoned the appellant, "as executor of the estate of J. M. Christian, deceased," and claimed of him, in the same representative character, an amount " due by promissory note, made by him on," &c. The note offered in evidence was signed, " R. T. Christian, ex. of the estate of J. M. Christian, deceased," and read, " I promise to pay," &c. The judgment entry recites, " It is therefore considered by the court, that the plaintiff recover of the defendant, *as* executor of John M. Christian, deceased, the said sum (&c.), for which let execution issue."

The judgment is one against the executor officially, but is informal, in not expressing of whose property the execution shall be levied. The appellee claims that the consideration of the note is such merchandise as the will of the testator authorized to be purchased at the expense of his estate. Admitting this to be so, has the executor exercised the authority, in giving the note, which is the foundation of the suit ? If he has not, can the creditor, by suit at law, enforce his right to so charge the estate, or charge it independently of him ?

The note is undoubtedly the personal contract of R. T. Christian, and does not bind the estate he represents. *Kirkman et al.* v. *Benham,* 28 Ala. 501 ; *McEldery & Chapman* v. *McKenzie,* 2 Port. 33 ; and *Taylor* v. *Taylor,* 43 Ala. 649, are authorities against the maintenance of this suit, as being beyond amendment in the pleadings. *Johnson* v. *Gaines* (8 Ala. 791) permits a judgment to be rendered against the defendant individually, when the declaration or complaint shows the cause of action to be personal. It governs the expressed character in which the defendant is sued, by the statement of the cause of action. *Greening* v. *Sheffield* (Minor, 276) says the defendant cannot be made liable individually in an action against him as executor ; and we think this is the better doctrine.

Section 2066 of the Revised Code empowers the probate court to give authority to an executor or administrator to bind the estate, by his note, bond, or bill, in certain cases. But it must be given only on his application, and the charge is created only by the obligations mentioned. The accounts themselves are not made debts of the estate. A testator may subject his estate very much as he pleases, but his intention to make it liable for debts contracted by his executor, at the option of the executor, or of the creditor, must be very plainly expressed, to induce such construction, especially in the latter instance.

The judgment is reversed, and the cause remanded.