# Roswald & Stoll *v.* Hobbie & Teague.

*Statutory Claim Suit for Attached Goods.*

1. *Estoppel by replevy bond; subsequent interposition of statutory claim.*—When attached property has been replevied, and the liability of the bondsmen has become fixed by proper demand and return of forfeiture on the bond, they are estopped from denying the liability of the property to the process, or setting up any adversary claim to it; and if the property was delivered to them, on the execution and approval of their bond, they can not interpose a statutory claim to it while so retaining possession, but must first restore the possession to the sheriff; yet, if the sheriff accepts from them a statutory affidavit and claim bond, having accepted the replevy bond on the day before, the claim suit will not be dismissed on motion, although the possession was not momentarily restored to the sheriff.

2. *Conclusiveness of claim bond, as to value of goods.*—The value of the goods levied on or attached, as shown by the claim bond, being the *ex-parte* estimate of the sheriff, is not conclusive on either party.

3. *Relevancy of evidence as to value of goods.*—Evidence as to the value of the goods involved in the suit, when offered by either party, is relevant and admissible; but its rejection is not an error of which the plaintiffs in attachment can complain, when they fail to recover a judgment, since it could not have injured them; yet, if they assailed the validity of the conveyance under which claimant derived title, both being creditors of the same debtor, the value of the goods is material, and the exclusion of the evidence is a reversible error.

4. *Proof of value of goods.*—As proving the value of a stock of goods, the sheriff who levied an attachment on them, and made an inventory of them, in which he set down his estimate of the value of each article, may testify to these facts; and the inventory is admissible as evidence in connection with his testimony.

5. *Burden of proof, when conveyance is assailed for fraud.*—As against creditors of an insolvent debtor, one claiming as a purchaser must prove that he paid a valuable and adequate consideration, but is not bound to negative the reservation of a benefit to the debtor.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. JAMES W. LAPSLEY.

This was a statutory trial of the right of property in and to a stock of goods, wares and merchandise, between Roswald & Stoll, plaintiffs in attachment against D. W. Rawlinson, and Hobbie & Teague as claimants. The plaintiffs' attachment was sued out on the 20th December, 1886, and was

levied on the stock of goods on the same day, in the storehouse then occupied by said Rawlinson. The store was closed when the sheriff went to make the levy, and he waited until Rawlinson came up, who was accompanied by one Cowan; and when the sheriff announced his business, Cowan exhibited the key, and said that he had come to take possession of the goods and the store as the agent of Hobbie & Teague. When the store was opened, the sheriff took possession, and declared a levy on the goods. Cowan thereupon executed a replevy bond in the name of Hobbie & Teague, by himself as their agent, to which he also signed his own name individually, and procured the signature of one Hurd; and the sheriff having approved and accepted the bond, as he testified on the trial, he delivered the possession of the goods to said Cowan. On the next morning, as the sheriff further testified, Cowan came to him, and asked to withdraw and destroy the replevy bond, but the sheriff refused; and Cowan then wrote out a claim bond, the names signed to it being the same as to the replevy bond, which he tendered. The sheriff accepted the bond, and returned both of the bonds to the clerk's office. On these facts, the plaintiffs moved the court, before entering on the trial, to strike the claim bond from the files, and to dismiss the claim; and they excepted to the overruling of their motion.

The sheriff having testified that, on taking possession of the goods, "he at once made an inventory of them, setting down the value of each item opposite thereto, and that the prices he placed upon them, as shown by said inventory, were, in his opinion, the reasonable market value of the goods," and having produced said inventory, the plaintiffs offered the same in evidence. The claimants objected to its introduction, "on the ground that the claim bond fixed the measure of the value of the goods;" which objection the court sustained, and plaintiffs excepted. The claim bond was in the penalty of $206.40, being double the amount of the plaintiff's debt, and described the property as "the stock of goods, wares and merchandise occupied by D. W. Rawlinson;" but it nowhere stated the value of the property.

The plaintiffs asked the following charge, with others, and duly excepted to its refusal: "(1.) The plaintiffs having proved that Rawlinson was indebted to them at the time the attachment was sued out, and the transaction between said Rawlinson and claimants, sought to be established as a sale, being assailed by plaintiffs; the burden is upon the claimants

[Roswald & Stoll v. Hobbie & Teague.]

to show that said transaction was supported by an adequate and valuable consideration, is honest, and without benefit to Rawlinson."

The rulings above stated are now assigned as error.

RICE & WILEY, and DOSTER & ABNEY, for appellants. (1.) The claim ought to have been dismissed on motion. *Braley v. Clark*, 22 Ala. 361; *Cooper v. Peck & Clark*, 22 Ala. 406; *Crenshaw v. Harrison*, 8 Ala. 342; *Bobo v. Thompson*, 3 Stew. & P. 385; *Kirk v. Morris*, 40 Ala. 225; *Rutherford v. McIver*, 21 Ala. 750. (2.) Evidence as to the value of the goods was relevant and necessary, since the jury are required to assess the value. The value of the goods was not stated in the claim bond, and plaintiffs would not have been concluded by it, if the value had been stated. (3.) The first charge asked ought to have been given. *Hubbard v. Allen*, 59 Ala. 283; *Harrell v. Mitchell*, 61 Ala. 279.

THORINGTON & SMITH, *contra*.

STONE, C. J.—The present suit was what is known in our jurisprudence as a trial of the right of property. Rawlinson had formerly owned the merchandise which is the subject of the controversy, and the testimony leaves but little, if any doubt, that both appellants and appellees were creditors. Roswald & Stoll sued out an attachment against Rawlinson, which was levied on the merchandise about ten o'clock, A. M., December 20, 1886. The claim of Hobbie & Teague is, that earlier on the same morning, Rawlinson sold and conveyed the goods to them in payment of the debt he owed them, delivered them, and that they were in the possession of their agent when the levy was made. No question appears to have been made on the sufficiency of the consideration.

On the same day the attachment was levied, the agent of Hobbie & Teague, in their name, executed a replevy bond, conditioned, if defendant failed in the action, to return the specific property in thirty days. The bond conforms to the provision of the statute.—Code of 1886, § 2964 (3289). Thereupon, the sheriff restored the property to claimants. On the next day, December 21, 1886, the claimants, Hobbie & Teague, through their agent, made affidavit that they had a just claim to the property levied on, and executed a claim

bond in conformity with §§ 3004 (3341), 3012 (3290), Code of 1886. This claim bond and affidavit were, on the day of their date, tendered to the sheriff, and the replevy bond demanded, that it might be cancelled. The sheriff declined to surrender the replevy bond, but we are not informed what reason he gave, if any. He accepted the claim bond, however, approved it, and returned both bonds and the affidavit of claim to the court.

At the return term, Roswald & Stoll moved the court to strike the claim affidavit and bond from the file, on the ground that they were improperly received after the goods had been replevied, and the goods obtained and held by the claimants themselves under such replevy bond, and to dismiss said claim proceeding out of court. The court overruled the motion, and ruled that Roswald & Stoll should tender an issue, with a view to the trial of the right of property. To this ruling plaintiffs excepted.

In *Braley v. Clark*, 22 Ala. 361, as in this case, property was attached, and a replevy bond was given by a stranger to the record. Judgment was obtained in the attachment suit, execution placed in the hands of the sheriff, and he demanded of the bondsmen a return of the property. The demand not being complied with, he returned the bond forfeited. The principal in the replevy bond thereupon interposed his affidavit and bond, claiming the property as his own. The Circuit Court allowed the claim, but this court reversed its ruling, on the ground that the claim came too late. The language of this court was, that "to authorize such claim, the property must either be in the actual or constructive possession of the officer of the law under process. In the case under consideration, it had been taken out of his possession by the defendant in error, under the replevy bond, and by him retained when demanded by the sheriff. It is true he might, under the condition of his bond, surrender the slave to the sheriff in discharge of his liability; and having thus placed it in the custody of the officer, he could, if he were disposed to do so, interpose his claim and try the right to it. But having elected to forfeit the condition of his bond," &c., he lost his right to interpose his claim. It will be observed that, in this case, no attempt was made to assert the claim, until after the replevy bond had been returned forfeited. Nor had the sheriff accepted the claim bond until ordered to do so by *mandamus* from the Circuit Court.

*Cooper v. Peck & Clark*, 22 Ala. 406, is only part and

parcel of substantially the same case as that above consid-
ered. The same property, a slave, was attached as the prop-
erty of the same defendant in each case. In this last case it
was shown, that the slave had died before the sheriff made
demand of his return under the replevy bond, and the offer
to institute the claim suit was made at the time the sheriff
demanded the return of the slave. The sheriff refused to
accept the affidavit and bond offered, and indorsed the replevy
bond forfeited. An execution was thereupon issued on the
forfeited bond, which the sheriff was proceeding to collect.
Under a petition filed for the purpose, the Circuit Court
ordered the sheriff to accept the claim affidavit and bond,
and quashed the execution issued on the forfeited replevy
bond. This court reversed his decision, saying "that the
condition of a replevy bond can only be complied with by a
delivery of the property replevied to the sheriff, on his de-
mand, after judgment against the defendant in attachment.
The tender of the bond to try the right of property replevied,
when the property itself is withheld from the sheriff, is a
breach of the condition of the bond, and justifies the sheriff
in returning it forfeited."

In *Rhodes v. Smith*, 66 Ala. 174, speaking of the liability
of a bondsman on a replevy bond, and the means of reliev-
ing himself, this court said: "If the title resides in him,
and the defendant is without an interest therein subject to
levy, this will not excuse him from performance of the con-
dition of the bond. The redelivery of the goods, to answer
the levy of the writ, is the duty to which the bond obliges
him. When he has redelivered them, he may then interpose
a claim to them, and demand a trial of the right of prop-
erty."—See, also, *Munter v. Leinkauff*, 78 Ala. 546; *Mead
v. Figh*, 4 Ala, 279; *Mitchell v. Ingram*, 38 Ala. 395; *Adler
v. Porter*, 57 Ala. 571; *Brown v. Hamill*, 76 Ala. 506; *Wool-
folk v. Ingram*, 53 Ala. 11.

Our rulings have certainly settled these propositions:
*First*, that when attached property has been replevied, and
the liability of the bondsmen has become fixed by a proper
demand, and indorsement of the bond "forfeited," the bonds-
men are estopped from denying the liability of the property
to the process, and from setting up any adversary claim to
it. *Second*, when attached property has passed from under
the control of the attaching officer, on the execution and ap-
proval of a replevy bond, so long as the property remains
out of his control, the bondsmen, at least, can interpose no

[Roswald & Stoll v. Hobbie & Teague.]

valid claim to it under the statute.    *Third*, until the liability
of the bondsmen is fixed by a refusal to deliver the property
to the officer, the bondsmen may restore the control of the
property to him, and may then assert any claim to it which
they could have asserted before the execution of the replevy
bond.

We think the Circuit Court did not err in overruling the
motion to strike the claim proceeding from the file.    True,
there was no formal surrender of the possession of the goods
to the sheriff, but the sheriff is not shown to have made any
point on that.    He accepted the affidavit of claim, and ap-
proved the claim bond offered.    This estopped the claimants
from denying that they acquired the possession and held it
under the claim bond.    If the sheriff had been placed in
possession of the property, he would have retained it only
long enough to approve the bond, when it would have passed
instantly back to the claimants.    If the possession acquired
under the replevy bond had been tendered to the sheriff, and
simultaneously a sufficient affidavit of claim and sufficient
claim bond had been tendered to him, he would have no
authority to refuse either.    Had he done so, on proper ap-
plication a *mandamus* would have been awarded, compelling
him to accept the redelivery of the goods, to receive the
affidavit of claim, and to consider the sufficiency of the sure-
ties offered on the claim bond; and if found sufficient, he
would have been compelled to approve the claim bond, thus
annulling the replevy bond, and inaugurating proceedings for
a trial of the right of property.    Now, what is the difference
between the case supposed, and the case we have in hand?
Merely the unsubstantial, fruitless ceremony of placing the
sheriff, for a moment, in the actual or constructive possession
of the goods.    The law has regard for the substance, not the
empty forms of things.    This case is distinguishable from
our former rulings, which merely hold that, when the lia-
bility of the bondsmen has become fixed by a failure to de-
liver, according to the stipulations of the bond, or until
after it has become impossible to restore the property to the
sheriff's possession, it then becomes a statutory judgment,
and precludes all denial that the property is subject to the
attachment or execution under which it was seized.

The present case being a trial of the right of property, if
the verdict had been for the plaintiffs, it would have been
the duty of the jury to assess the value of the property levied
on.—*Townsend v. Brooks*, 76 Ala. 308.    To do so, the jury

[Roswald & Stoll v. Hobbie & Teague.]

must have had testimony as to the value. Plaintiffs proved by the sheriff that, when he attached the goods, he made an inventory of then, affixed a value to the several articles which was shown by the inventory, and which, in his opinion, was the "reasonable market values of the said goods, wares and merchandise." This inventory was offered in evidence by plaintiffs, in connection with, and as part of the oral testimony. Claimants objected, "upon the ground that the said claim bond fixed the measure of the value of the goods." The court sustained the objection.

It is manifest that the ground stated by the counsel for excluding the evidence was indefensible. The value fixed in the claim bond is the *ex-parte* work of the sheriff, and does not conclude either plaintiffs or claimants. It is not evidence on which a jury can act in assessing the value of property condemned to the satisfaction of an execution or attachment. Pending the trial, when the result of the suit can not be known, the evidence of value should be received, if offered by either party. But the ruling in this case, considered in reference to the phase of the question we have been considering, did the appellants no harm. They failed to obtain a condemnation of the property, and, hence, assessed value did not become an element of the verdict. But this question has another phase. Hobbie & Teauge made claim under a purchase of the merchandise, the sole consideration being an indebtedness from Rawlinson, the defendant in attachment. This sale, made by a known insolvent debtor, giving a preference to one creditor to the prejudice of others, cast on the preferred creditor the duty and burden of proving that the goods were acquired in absolute purchase, and at a price not materially disproportionate to their fair market value.—*Crawford v. Kirksey*, 55 Ala. 282; *Hodges v. Coleman*, 76 Ala. 103. Proof of the value of the merchandise should have been received, on this phase of the inquiry. The form in which the testimony was offered, was free from objection.—*Hirschfelder v. Levy*, 69 Ala. 351; *Mooney v. Hough*, 84 Ala. 80.

The first charge asked by plaintiff was rightly refused. The duty was on Hobbie & Teague to prove that their purchase was on a "valuable and adequate consideration," but not to prove the negative—that no benefit was reserved to Rawlinson. The laboring oar on that negative proposition was with Roswald & Stoll.

We find but the one error in this record.

Reversed and remanded.