[Martin v. Mayer Bros.]

# Martin v. Mayer Bros.

### *Statutory Trial of the Right of Property.*

1. *Claim suit; amendment of bond.*—Where, upon the levy of an attachment upon personal property, a third party claiming the property files affidavit of claim and executes instead of a claim bond a replevy bond, and the affidavit of claim and the sheriff's return show that a claim bond was intended, it is not error for the court, on motion of the claimant, before entering upon the trial of the cause, to allow an amendment of the bond given, so as to make it a claim bond.

2. *Evidence; proof of insolvency.*—The rule that insolvency can not be proved by mere reputation does not render testimony as to the notoriety of the fact of insolvency, which has been established by other evidence, incompetent for the purpose of showing notice or knowledge of such insolvency.

3. *Same; same.*—Upon issue as to the insolvency of an attachment debtor, facts testified to by the attaching creditor as of his own knowledge, which tend to show insolvency of the debtor, are admissible in evidence.

4. *Claim suit; proof of execution of written bill of sale.*—Where, in the trial of a statutory claim suit, the claimant rests his right to the property under a written bill of sale, attested by a witness, such bill of sale is not admissible in evidence without proof of its execution by the attesting witness or without accounting for his absence.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

The facts of the case are sufficiently stated in the opinion.

D. B. COBBS, for appellant.—The amendment was allowed at a time when the sheriff did not have and could not have the actual or constructive redelivery or custody of the timber, which had been sold off and shipped across the ocean. While after replevy a claim suit has been allowed, even in cases where the court would not require a useless formality of constructive redelivery, yet I find no case in which a claim suit has been permitted to be instituted or perfected except where the property levied on is in the actual or constructive custody of the law. In the case at bar the delivery was

impossible.—*Roswald v. Hobbie*, 85 Ala. 73. Where the jurisdictional facts and necessities do not exist, there is no jurisdiction.—*Rhodes v. Smith*, 66 Ala. 174. And where the property is not in the custody of the law, there can be no jurisdictional foundation for a claim suit. The claim suit is commenced by both affidavit and claim bond conjointly—each is jurisdictional.—*McAdams v. Beard*, 34 Ala. 478.

PILLANS, TORREY & HANAW, *contra.*—It was entirely within the power of the circuit court to permit the amendment of the bond.—*Jackson v. Stanley*, 2 Ala. 330 ; *Ex parte Morgan*, 30 Ala. 51 ; *Lowry v. Stowe*, 7 Por. 486 ; *Lowe v. Derrick*, 9 Por. 415 ; *Alford v. Johnson*, 9 Por. 320 ; *Scott v. Macy*, 3 Ala. 250 ; 1 Shinn on Attachment and Garnishment, §179 ; *Bradford v. Dawson*, 2 Ala. 203 ; *Leavitt v. Dawson*, 4 Ala. 335 ; *Smith v. Leavitt*, 10 Ala. 102 ; *Leavitt v. Smith*, 14 Ala. 288 ; *Rhodes v. Smith*, 66 Ala. 176 ; Code of 1886, §§ 2832, 2833.

Insolvency can not be proved by general reputation or notoriety.—*Stewart v. McMurray*, 82 Ala. 269 ; *Branch Bank v. Parker*, 5 Ala. 731 ; *Lawson v. Orear*, 7 Ala. 784 ; 11 Amer. & Eng. Encyc. of Law, 172. Documents in support of such title need not be proven by subscribing witnesses when the instrument is not directly in issue. 1 Greenl. on Evidence, 718, § 573b ; *Ellerson v. State*, 69 Ala. 3.

COLEMAN, J.—The appellant, Martin, sued out an attachment against L. G. Cooper and others, which was levied upon certain sticks of timber which had been rafted from the Bigbee river to Mobile where the levy was executed. Mayer Bros. interposed a claim to the property, and upon issue made up, after the introduction of evidence, the court gave the affirmative charge in favor of claimants. There were numerous exceptions to the rulings of the court, but only a few are thought worthy of consideration.

When the attachment was levied the claimants made affidavit and executed a replevy bond instead of a claim bond, and it was indorsed as such by the sheriff. Before entering upon the trial, by leave of the court the bond was amended so as to make it a claim bond. This amendment was allowed against the objections of the plaintiff.

The court did not err in this ruling. The case is entirely different from those relied upon by appellant, where after executing a replevy bond and judgment of forfeiture upon the bond, the makers attempted to interpose a claim bond to try the right of property without first restoring the property to the sheriff. In the case at bar the affidavit and claim and sheriff's return all show that a claim bond was intended, and the error consisted in not properly framing the condition of the bond. The whole proceedings were *in fieri*, and the amendment made merely corrected the mistake.—*Roswald v. Hobbie & Teague*, 85 Ala. 73 ; *Rhodes v. Smith*, 66 Ala. 174 ; *Ex parte Morgan*, 30 Ala. 51.

Insolvency cannot be proven by reputation. After the fact of insolvency has been established, notoriety of the fact is competent evidence tending to show notice or knowledge of the fact. The records of the courts are not the only evidence of a previous insolvency. A person who knows the fact, may testify that another's indebtedness exceeds the value of his assets, and that, in fact, a person is insolvent. The truth of the statement or the source of his information may be tested by cross-examination. Mere hearsay as to the indebtedness of another is not competent, nor are the admissions of a party that he is indebted or insolvent, made in the absence of the persons whose rights are involved, competent. We are of opinion the exclusion by the court of all the evidence of plaintiff tending to show the insolvency of the defendant debtor, was too sweeping. Its effect was to exclude facts testified to by the plaintiff as of his own knowledge. An insolvent debtor may sell his property in payment of an antecedent debt, under certain conditions, and if there was no other error, the error would not necessarily entitle appellant to a reversal.

We are of opinion the court erred in admitting the bill of sale of the timber to claimants. The bill of sale was in writing and attested by a witness. It was admitted without proof by the attesting witness and without accounting for his absence. The claimants might well have established the sale and delivery of the timber if there were facts to authorize it, by parol, without reference to the writing, but they were not content to rely upon such evidence, but went further and introduced the written bill of sale without proper

proof of its execution, to establish the purchase and delivery.—*Patterson v. Kicker*, 72 Ala. 406 ; *Street v. Nelson*, 67 Ala. 504.

The evidence leaves no room to doubt that the value of the timber did not exceed the amount of the debt of Mayer Brothers, including that of Stigmer & Vidmer included in their account, and which they agreed to pay. In fact, after paying expenses for inspection and sale in Mobile, the net price fell short of the debt of Mayer Brothers, including Stigmer & Vidmer's. We lay no stress under the circumstances on the fact that Mayer Brothers agreed and did pay for rafting the timber to Mobile, nor is it pretended that more than a fair price was paid for this purpose.

One of the issues in the case was whether there had been an absolute sale to Mayer Brothers. The testimony of the witness Pake examined in behalf of Mayer Brothers, is not altogether satisfactory or consistent. In one place he testifies that the sale of the timber was absolute, in payment of the amount due Mayer Brothers, and nothing was to be reserved for the defendant debtor, and in another, his testimony leaves the impression, that the understanding was, that Mayer Brothers were to have the handling and selling of the lumber, and if there was a balance over after paying their account, such balance was to be paid over to the defendant debtor. His testimony taken in connection with the other errors which we have pointed out, leaves the case and the evidence in such a condition, that we cannot say that the general charge was properly given.

The law as to fraudulent sales has been so often stated by this court, we do not care to repeat it. Parties asking charges involving questions pertaining to such transactions, should frame them in accordance with principles.

Reversed and remanded.