[Cade v. Floyd.]

# Cade *v.* Floyd.

## *Statutory Trial of the Right of Property.*

1. *Claim suit; right of claimant upon affidavit and claim bond being stricken to file another affidavit and bond without surrendering possession of property.*—Where, under the provision of the statute, (Code of 1896, § 1484), a stranger to the suit interposes a claim to the property sued for in an action of detinue, making affidavit and bond within five days from the institution of the suit, and the sheriff delivers the property sued for to the claimant, upon the court striking the affidavit and bond from the file, because made before the expiration of the five days as provided by the statute, it is not error for the court to allow the claimant, while in possession of the property, to file another affidavit and claim bond, without restoring the possession of said property to the sheriff.

2. *Mortgage; mortgagor can not extend provision of mortgage after settlement thereof to note.*—Where a mortgagee receives a cash payment and a note for a certain amount, in payment of the mortgage indebtedness, reciting in the receipt given that the money and the note were received "in full settlement of all notes, mortgages, accounts and demands" he held against the mortgagor, by such settlement and the execution of such receipt the mortgage was discharged and ceased to be a security for any indebtedness from the mortgagor to the mortgagee; and, therefore, the recital in the note given by the mortgagor in said settlement, that it was secured by the mortgage formerly held by the mortgagee, is ineffective to make such mortgage security for said note.

3. *Same; same; when settlement of mortgagor inadmissible in evidence.*—When a mortgagee accepts a cash payment and a note by the mortgagor, in full settlement of the mortgage indebtedness, a statement subsequently made by the mortgagor that the note given by him to the mortgagee in settlement of his indebtedness was secured by the mortgage formerly held by him, is inadmissible in evidence in a claim suit between the mortgagee and a third party who claims an interest in the property under a mortgage which was executed to him after said settlement; such claimant not being shown to have been present at the time the statement was made by the mortgagor.

,[Cade v. Floyd.]

APPEAL from the Circuit Court of Bullock: ·
Tried before the Hon. J. M. CARMICHAEL.

An action for the recovery of personal chattels in specie
was commenced by the appellant, C. J. Cade, against
Joe Hamilton in the circuit court of Bullock county, on
the 17th April, 1893. The summons and complaint were
served on defendant on the 6th November, 1896, and on
the same day, as appears by the indorsement thereon,
the sheriff took the property sued for into his possession.
On the 9th day of November, 1896, the appellee, Floyd,
a stranger to the suit, by his agent, made a proper affi-
davit for the interposition of a claim to the property, to
try his right thereto, under the act approved February
26th, 1889, (Acts, 1888-89, p. 57), now section 1484 of
the Code of 1896, and on the same day the sheriff, the
said claimant having given a bond, as is required in such
cases, turned the property over to him.

On the 26th July, 1897, when the cause came on for
trial, the plaintiff moved to strike the affidavit and bond
of the claimant, J. T. Floyd, on the grounds, substan-
tially, that the claim suit had been interposed before the
expiration of five days after the property was seized by
the sheriff in the detinue suit, and because the sheriff
had not been in possession of the property claimed for
five days from the time of its seizure by him under the
detinue writ, before he delivered it to the claimant.
The court granted the motion, and struck the affidavit
and claim bond from the file. Thereupon, the claimant,
by leave of the court, filed a new affidavit and claim bond,
interposing a claim for the property sued for. The
plaintiff moved to strike this new affidavit and bond and
dismiss the claim suit, on grounds, substantially, that
the property had been turned over to claimant under
said former bond of the 9th November, 1896, and the
property had been in his possession ever since, and at
the time of giving this new affidavit and bond, the prop-
erty was not in the possession of the sheriff; that the
claim suit last interposed was not returnable to the next
term of the circuit court of Bullock county; and because
the court had just dismissed a claim suit previously in-
terposed by the same claimant to the same property, and
he ought not to be again allowed to interpose a claim

thereto, while he had the property claimed in his posses-
sion under said previous bond. The court overruled
this motion, and plaintiff duly excepted.

On the trial of the claim suit, it was shown that the
defendant in the original suit was the wife of Alexander
Hamilton, who died in 1896, before the commencement
of this suit ; that defendant was in the possession of the
property sued for, at the time the suit was commenced ;
that Alexander Hamilton, on the 17th of April, 1893,
was indebted to plaintiff in the sum of $1,000, to secure
which he executed to him on that date a mortgage on
the property sued for, which mortgage was introduced
in evidence ; that on the 14th January, 1896, said Alex-
ander, being indebted to claimant in the sum of $700,
executed to him a mortgage on the same property to
secure the note given him for such indebtedness, which
mortgage was also introduced in evidence ; and the con-
test between plaintiff and claimant was, whether or not
plaintiff's mortgage had been settled and paid off, before
claimant acquired his mortgage on the property.

To show that plaintiff's mortgage had been settled and
no longer existed, claimant introduced the following
paper signed by plaintiff :

"Guerreton, July ——, 1895.

"$300. Received of Alexander Hamilton, per Dr. J. T.
Floyd, the sum of three hundred dollars in full settle-
ment of all notes, mortgages and accounts and demands,
I claim or hold against Alexander Hamilton. This in-
cludes the detinue suit now pending in the circuit court
of Bullock county, which I am to dismiss at my expense,
but it is agreed that there is to be no damages claimed
out of the bonds in the detinue suit, this being a full
settlement of said suit. *And a note for $200, payable 1st
of Nov., 1896.*

"Test, Jno. W. Pace."      [Signed.]    "C. J. CADE."

The claimant testified that this paper was written out
before he went to Mr. Cade to get him to sign it, with
the exception of the words italicized at the conclusion ;
that when he got to Mr. Cade's and offered him the $300
in settlement of what Hamilton owed him, Mr. Cade at
first declined to sign it, claiming that Alexander Hamil-
ton owed him something over $500 ; that Hamilton and

[Cade v. Floyd.]

John W. Pace were both present; that Mr. Cade then said, if Alexander would give him a note for $200, he would accept the $300; that Alexander admitted he owed Mr. Cade the amount he claimed; that Cade and Alexander walked off and held a conversation, when they returned, and Alexander expressed a willingness to give the note as demanded by Mr. Cade; that at Mr. Cade's request Mr. Pace then added to the paper the italicized words, and then Mr. Cade signed the instrument, and claimant paid him the $300. The plaintiff and John W. Pace testified, that Hamilton agreed to give the note for $200 with security, but that claimant was not present when this agreement was made, and claimant testified he knew nothing of this agreement to give security for said note, when he paid the $300 and took the receipt. It was shown that Alexander Hamilton did not make the note that day, but made it afterwards, on the 1st of August, 1896, payable on the 1st November following, with waiver of exemptions and with the following concluding clause: "This note is secured by mortgage on stock and described in mortgage now on record in Union Springs, Ala."

The plaintiff offered to prove by John W. Pace and another witness, that they heard Alexander Hamilton say he owed Mr. Cade the $200 note and it was secured by the mortgage given to Mr. Cade, which was offered in evidence in this suit; but on objection raised by claimant this evidence was not admitted, and the plaintiff duly excepted to its exclusion.

This being substantially all the evidence, the court gave the general affirmative charge for the claimant, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for claimant. The plaintiff appeals, and assigns as error the rulings on the evidence, to which exceptions were reserved, and the giving of the general affirmative charge in favor of claimant.

J. D. NORMAN, for appellant.—At the time the second affidavit and claim bond were executed in this case, the property was not in the custody of the sheriff and could not be delivered to the claimant as required by statute; and, therefore, the court ought not to have entertained the claim.—Code of 1886, § 3005.

. The court erred in refusing to permit the plaintiff to introduce evidence of the witnesses, Pace and Banks, to show that the mortgagor acknowledged that the note given by him was secured by the mortgage which the plaintiff had held against him. The note and the receipt were contemporaneously executed and were part and parcel of one contract, and this is so, though the evidence may show they were executed on different days. *Cosby v. Buchanan*, 81 Ala. 576; Bishop on Contracts, § 382; *Bridgeport L. & I. Co. v. Amer. F. P. Steel Car Co.*, 94 Ala. 596.

D. S. BETHUNE and ALSTON & PEACH, *contra.*—Appellant will not be allowed to complain as to the execution of the second claim bond, for, if error, it resulted from error committed at his instance.—*Hooper v. Birchfield*, 115 Ala. 226. The first claim bond was sufficient; proper affidavit and bond returned by the sheriff gave the circuit court jurisdiction. Time is not jurisdictional. But the second bond was proper for another reason; if time was jurisdictional.—*Martin v. Mayor Bros.*, 112 Ala. 620. The objection to the admission in evidence of the declarations of the mortgagor, as to the note executed by him being secured by the mortgage was properly sustained.—*Glover v. Gentry*, 112 Ala. 501. The receipt in evidence was against all mortgages held by the plaintiff against Hamilton, and acknowledged the payment and settlement of said mortgage. Therefore, the plaintiff could not acquire any title to the property formerly included in said mortgage, except by the execution of a new mortgage, which was not done.—Code of 1886, §§ 1731, 1870.

. HARALSON, J.—1. Section 1484 of the Code of 1896, embodying the provisions of the act of February 26, 1889 (Acts of 1888–89, p. 57), provides that "when a suit is brought for the recovery of personal property in specie under the provisions of section 1474 (2717), and the defendant shall neglect for five days to give bond as therein provided, if the property seized is claimed by a person not a party to the suit, and affidavit and bond is executed as required by law in cases of trial

[Cade v. Floyd.]

of the right of property when levied on by the writ of *fieri facias*, the property must be delivered to the claimant, and the affidavit and bond returned by the officer having in charge the property claimed, with the summons, and thereupon the same proceedings must be had as in other trials of the right of property."

The affidavit required by this section to be made by a claimant, as the basis for interposing his claim, although made within five days after the seizure of the property, was not on that account void as an initial step in the proceeding for the claim suit. If the claimant, having made such affidavit within five days after the seizure, had, at the expiration of five days thereafter, executed the claim bond and received the possession thereunder, of the property levied on—the defendant having neglected in that time to replevy the property—it could not be seriously questioned that the claim would have been properly interposed. We need not decide, whether the claim bond having been executed by claimant, before the expiration of five days after the levy and seizure, was so irregular as to render it of no effect for the purposes for which it was made. However that may be, the bond and the affidavit of claim were stricken from the file on motion of the plaintiff, and at the term of the court at which the claim suit was properly triable; and, thereupon, by leave of the court, the claimant filed another affidavit and executed another claim bond. This latter affidavit and bond, the plaintiff moved, also, to strike from the file, on grounds substantially, that they were made after the expiration of the five days referred to in the statute; that claimant had been in possession of the property since the execution of the original claim bond; that the sheriff was not in possession of the property, and that the former affidavit and claim bond had been stricken from the file. This additional affidavit and bond were made, as we have stated, and were allowed to be filed before the parties entered on the trial of the claim suit, and while the proceedings were *in fieri*. In *Martin v. Mayor Bros.*, 112 Ala. 620, a case of the statutory trial of the right of property, a third party filed an affidavit and executed a replevy instead of a claim bond. The bond was allowed to be amended so as to make it a claim bond. The court said: "When

[Cade v. Floyd.]

the attachment was levied, the claimants made affidavit and executed a replevy bond instead of a claim bond, and it was indorsed as such by the sheriff. Before entering on the trial by leave of the court, the bond was amended so as to make it a claim bond. The amendment was allowed against the objection of the plaintiff. The court did not err in this ruling.   *   *   *   In the case at bar, the affidavit and claim and sheriff's return all show that a claim bond was intended, and the error consisted in not properly framing the conditions af the bond. The whole proceedings were *in fieri*, and the amendment made merely corrected the mistake.''

As to the objection that the claimant and not the sheriff was in possession of the property when the last claim bond was executed and approved by him, it seems to be fully met by the decision of this court in a case similar in many respects to the one last cited. In the case referred to the claimants executed a replevy bond and received the property, and on a subsequent day, they sought to withdraw and destroy the replevy bond, which request was refused by the sheriff. Thereupon, without a redelivery of the property to the sheriff, they executed a claim bond which was approved and accepted by the sheriff, who returned both bonds to the court. At the return term, the plaintiffs in the claim suit moved the court to strike the claim affidavit and bond from the file, on the ground that they were improperly received, after the goods had been replevied, obtained and held by the claimants themselves, under the replevy bond. The court held that there was no error in overruling the motion to strike the claim proceedings from the file, stating, in language applicable and appropriate to the case in hand, ''True, there was no formal surrender of possession of the goods to the sheriff, but the sheriff is not shown to have made any point on that. He accepted the affidavit of claim, and approved the claim bond offered. This estopped the claimants from denying that they acquired the possession and held it under the claim bond. If the sheriff had been placed in possession of the property, he would have retained it only long enough to approve the bond, when it would have passed instantly back to the claimants. If the posses-

[Cade v. Floyd.]

sion acquired under the replevy bond had been tendered to the sheriff, and simultaneously a sufficient affidavit of claim and a sufficient claim bond had been tendered to him, he would have (had) no authority to refuse either. Had he done so, on proper application a *mandamus* would have been awarded, compelling him to accept the redelivery of the goods, to receive the affidavit of claim, and to consider the sufficiency of the sureties offered on the claim bond; and if found sufficient, he would have been compelled to approve the claim bond, thus annulling the replevy bond, and inaugurating proceedings for the trial of the right of property," etc. *Roswald v. Hobbie & Teague,* 85 Ala. 73.

Under the circumstances shown, in the case in hand, there was no error in the action of the court allowing the additional or amended affidavit and claim bond. The claimant is estopped from denying that he acquired possession and held under this bond, and it subserves the plaintiff's purposes as well as if it had been executed on the day he would have preferred for it to have been executed.

2. The $200 note by Alex. Hamilton to plaintiff, dated August 1, 1895, and payable on the 1st of November, 1896, under the undisputed facts in the case, was a part of the consideration for the written settlement and discharge of plaintiff's mortgage, given by the plaintiff in July, 1895. The words at the conclusion of said writing, "And a note for $200 payable on the 1st Novr., 1896," even without the aid of extrinsic proof, would appear to have been added as a part consideration for the settlement and discharge of said mortgage, as evidenced by the writing; but the fact becomes palpable under the uncontroverted evidence. Their proper place in the instrument, is immediately after the words "three hundred dollars," so as to make it read: "Received of Alex. Hamilton, per Dr. J. T. Floyd, the sum of ($300) three hundred dollars and a note for $200, payable on the 1st Nov., 1896, in full settlement of all notes, mortgages and accounts and demands I claim or hold against Alex. Hamilton," etc., including, by its further terms, the detinue suit we now have before us. This instrument discharged that mortgage, and rendered it functus as a security for every obligation included or intended

[Cade v. Floyd.]

to be included in it. The mortgagor and mortgagee were without power to restore it as a mortgage security for any debt the mortgagor might thereafter contract with the mortgagee. So, when the mortgagor afterwards gave the plaintiff,—the mortgagee in that former mortgage,—his $200 note, it was without his capacity, verbally or in writing, to impart life to said mortgage, already dead for any purpose as a security, and make it stand as a resurrected security for said note. The words, therefore, at the conclusion of said note,—"This note is secured by mortgage on stock and described in mortgage now on record in Union Springs, Ala.,"—were without any effect, as applied to said mortgage, to make it a security for the note, especially against the claimant, who knew nothing of the terms of said note in this respect, and who had previously paid off and satisfied said mortgage, taking plaintiff's written release and discharge of the same.

3. There was no error in not allowing what was offered to be proved by plaintiff by the witnesses, Pace and Banks, as to what Alex. Hamilton said to them about the $200 note he had given to plaintiff. Hamilton's interpretation of the transaction, given in the absence of claimant, to which he did not assent, could not conclude claimant's rights under his mortgage. Moreover, that Hamilton owed the $200 note to plaintiff was an admitted fact by claimant, and the proof of it by these witnesses had no tendency to show that it was secured by said former mortgage to plaintiff. Nor did the fact that Hamilton admitted to these witnesses that this note was secured by plaintiff's mortgage introduced in evidence by him, make said mortgage a security for said note, since, as we have seen, the note was given as a part consideration for the full payment and satisfaction of said mortgage, which remained no longer a security for anything.

The court did not err in giving the general charge for claimant.

Affirmed.