# Brothers, *et al. v.* Russell & Duke, *et al.*

### Bill for Injunction and to Establish Priority of Lien.

(Decided February 3, 1916.   Rehearing denied March 30, 1916.
71 South. 450.)

1. **Attachment; Bond; Surrender of Property; Rights Afterwards.**— Where a surety on a replevy bond, notwithstanding any rights he may have had in the property, surrendered it to the sheriff within due time and in accordance with the terms of the bond, before forfeiture, such surety was then entitled to assert any claim to the property which he had or might have asserted before the execution of the bond.

2. **Mortgages; Chattels; Preservation of Lien; Legal Remedy.**—Where a mortgagee of chattels attempted to enforce his lien on cotton by means of a

[Brothers, et al. v. Russell & Duke, et al.]

claim suit under the statute, and failed because his lien was subordinate to the lien of the landlord, he may nevertheless file his bill in the nature of a bill to redeem from the landlord and foreclose against the tenant as to any excess, by bringing into court a sum of money sufficient to satisfy the lien of the landlord, since the mistaken claim suit did not prejudice his rights, as, his lien being subordinate, the law court was without jurisdiction to give him the relief to which, on such a bill in equity, he would be entitled.

3. **Same; Parties; Mortgagor.**—The tenant-mortgagor was a necessary party to a bill by a mortgagee to redeem cotton from a prior or superior landlord's lien, and to foreclose as to the excess against the tenant mortgagor, where the interest of the tenant had not been determined, and it could not be said that he had no interest subject to the mortgage.

4. **Judgment; Suit to Enforce Lien.**—Where the landlord attached cotton of his tenant, and the mortgagee of the tenant executed a replevy bond for the same, the mortgagee was not such a party to the suit as to make a judgment therein rendered conclusive against his mortgage lien, for, so long as the conditions of the bond were unfulfilled, he could propound no claim and his ownership as mortgagee could not be disposed of.

5. **Same; Parties.**—In such a case the judgment against the tenant, if he was brought in by personal service, or appeared, bound him and his interest in the property levied on, and if he was brought in by levy of the attachment only, the judgment was not strictly, and for all purposes in rem, and bound only the tenant's interest in the property.

6. **Landlord's Lien; Enforcement; Intervention.**—Under sections 6039-43, Code 1907, a mortgagee of cotton, not claiming primary ownership thereto, could intervene in an attachment suit by a landlord to enforce the landlord's lien, only for the purpose of asserting a lien paramount to that of the landlord; and might also show that the landlord had no lien.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by Russell & Duke, and others, for an injunction, and to redeem and foreclose, filed against I. S. Brothers and others. From a decree overruling demurrers to the bill, and a motion to dissolve the injunction, respondents appeal. Affirmed in part, and in part reversed and remanded.

CULLI & MARTIN, for appellants. W. J. BOYKIN, for appellees.

SAYRE, J.— (1) In the attachment suit of Brothers against McCune judgment by default was rendered for plaintiff, and the property levied upon, viz., three bales of cotton, was condemned to be sold for the satisfaction of the judgment. Russell & Duke had become sureties for McCune in a replevy bond, and in due time delivered the property to the sheriff as they were required to do, notwithstanding any claim against or interest in the property they may have had. By so delivering the prop-

erty to the sheriff before forfeiture and according to the terms of their undertaking as sureties on the bond, their own independent rights in or to the property remained unaffected, and they were then entitled to assert any claim to it which they could have asserted before the bond was executed.—*Roswald & Stall v. Hobbie & Teague*, 85 Ala. 73, 4 South. 177, 7 Am. St. Rep. 23.

(2) Russell & Duke had a mortgage lien on the property, and this they then tried to enforce by a claim suit under the statute. But their mortgage lien was subordinate to the landlord's lien which Brothers had undertaken to enforce by his attachment, and judgment went against them on the trial of the right of property which followed upon the interposition of their claim. They then filed this bill alleging that Brothers' judgment against McCune was in excess of his lien upon the property, and that the property was worth more than the lien to which he was justly entitled. They paid the costs of the claim suit and have offered to pay the just amount of any lien Brothers may have had as landlord, bringing into court a sum of money adequate to satisfy that lien as they alleged, and asking the court of equity to ascertain and establish the amounts and priority of the liens claimed by themselves and Brothers, and to preserve the property in the meantime by an injunction against any disposition of it by the sheriff or Brothers. The court issued the injunction, and then overruled a demurrer to the bill and a motion to dissolve the injunction.

(3) The general effect of the argument against the decree below is that complainants had their day in the law court and will not be allowed to review the judgments of that court by an appeal to equity. The bill has equity, and the injunction was not improper, as being the only available means of making effectual any relief that may be decreed to complainants. The interposition of the claim suit should not prejudice complainants in equity for the reason that complainants' lien being subordinate to that of Brothers, for whom the sheriff is acting as agent, the law court was without jurisdiction to give complainants the relief to which, on the averments of the bill, they are in equity entitled. —*Stevens v. Hertzler*, 114 Ala. 563, 22 South. 121. Complainants are not estopped by their mistaken claim suit, because they took, and could take, nothing by it, while the only legal detriment Brothers could in any event suffer by that action has been

forestalled by complainants' payment of the costs. Complainants are in the position of second lienors, and their bill is at once a bill to redeem from Brothers and to foreclose against McCune. It cannot be safely said that McCune has no interest in the property. Its value has not been determined, and for aught appearing it may be in excess of the total amount of the judgment and costs in the original attachment suit. If so, the overplus will belong to McCune subject to complainant's mortgage, and the existence of the mortgage and the amount of the indebtedness thereby secured cannot be determined in the absence of the alleged mortgagor. McCune was therefore a necessary party to the bill, and the demurrer-taking this point should have been sustained.

(4, 5) Complainants were not parties to the attachment proceeding in such sort as to make the judgment there rendered conclusive against their mortgage lien on the property upon which the attachment was levied.—*Maas & Block v. Long,* 70 Ala. 243. So long as the conditions of the bond remained unfulfilled they could propound no claim of theirs; but their ownership as mortgagees could not be disposed of without their presence and an opportunity to be heard on their own account.—*Hudson v. Wright,* 164 Ala. 298, 51 South. 389, 137 Am. St. Rep. 55. The judgment against McCune, if he was brought in by personal service, or appeared, bound him and his interest in the property levied upon; if he was brought in by levy of the attachment only, the judgment was not strictly and for all purposes in rem; it bound only McCune's interest in the property.—*Kress v. Porter,* 132 Ala. 577, 31 South. 377.

(6) It should be noticed, further, that complainants in this bill, not claiming primary ownership of the property, could under the statute intervene in the attachment suit only for the purpose of asserting a lien paramount to the specific lien claimed by Brothers.—Code, §§ 6039-6043. They could have shown that Brothers had no lien.—*Samuel Gans Co. v. Tyson,* 170 Ala. 513, 54 South. 237. But if he had a lien for whatever small amount —the adjudication established the fact that he had a lien in some amount—the judgment denying complainants all relief under their claim suit was the only judgment the law court could render. The record shows that complainants moved the court to declare and enforce their subordinate lien according to equity,

[Hundley v. Hewitt.]

but the court properly refused to take cognizance of their claim. The statute makes no provision for any such case, and complainants can have relief in a court of equity only. It may be that the statute might well be amended so as to allow a distribution of the proceeds of property attached among lienholders according to their respective priorities in cases of this sort, as counsel suggests, but the court has no authority to make the amendment. It results from the statute as it is, permitting only paramount lienholders to interpose by claim suit, that substantially the whole controversy between complainants and Brothers, except the lien of the latter under his judgment for costs, remains to be disposed of in the equity court.

The demurrer should have been sustained, as we have said, but the bill containing equity, and its defect being amendable, there was no error in overruling the motion to dissolve the injunction.

Affirmed in part, reversed in part, and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.