155 So. 532

## PHŒNIX CHAIR CO. v. DANIEL.

### 6 Div. 547.

Supreme Court of Alabama.

May 17, 1934.

Rehearing Denied June 28, 1934.

Monette & Taylor, of Birmingham, for appellant.

Erle Pettus, of Birmingham, for appellee.

KNIGHT, Justice.

This cause was submitted along with the appeal of this same appellant against the said A. S. Daniel et al., which latter case involved the reformation of the indorsement by appellant of the notes sued on in this case.

The appellant assigns for error the order of the court refusing to transfer the cause, on its motion, to the equity docket.

It is firmly settled by the rulings of this court that the denial of a motion to make such a transfer is not reviewable on appeal. Wiggins et al. v. Stewart Bros., 215 Ala. 9, 109 So. 101; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Fountain v. State, 211 Ala. 589, 100 So. 892.

The statute makes no provision for such appeal, and confessedly the fact that the cause may proceed, after a denial of the motion, to judgment in the law court against the defendant, will not bar him of his right to assert his equitable defense in a court of equity, and to obtain a perpetual injunction against the enforcement of the collection of the judgment. Stevens v. Hertzler, 114 Ala. 563, 22 So. 121; Bradford v. National Surety Co., 207 Ala. 549, 93 So. 473; Brothers v. Russell & Duke et al., 195 Ala. 643, 71 So. 450.

There is no merit in the other questions presented by the appeal. The instruments sued on were promissory notes executed by the Daniel Furniture Company, Inc., to the defendant, and by the defendant indorsed to J. M. Rowall, and by Rowall to L. C. Daniel, and the plaintiff bought them of said L. C. Daniel, who indorsed them in blank.

There was no evidence in the case that the notes had been paid. Under the pleading and evidence, the plaintiff was due the

affirmative charge, both as to count 1 (as amended) and count 2.

It follows, therefore, that the court was not in error in giving plaintiff's requested general charges under count 1 as amended and count 2.

The judgment of the circuit court under the pleading and proof is due to be, and is, affirmed.

Affirmed.

GARDNER, THOMAS, and BROWN, JJ., concur.