180 So. 130

## McDONALD v. CRAWFORD.

### 2 Div. 633.

Court of Appeals of Alabama.

March 29, 1938.

164

S. W. Compton, of Linden, for appellee.

Geo. Pegram, of Linden, for appellant.

SAMFORD, Judge.

This cause was submitted on the motion of appellee to strike the return of the clerk of the circuit court to the certiorari ordered by this court, and on the merits.

On October 13, 1937, appellant suggested a diminution of the record and prayed for a writ of certiorari directed to the clerk of the circuit court to send up a certain exhibit, marked "Exhibit A," and introduced in evidence as the basis of the claim of his ward. The writ of certiorari was granted, and return thereto was made by the clerk and filed in this court on November 2, 1937.

Appellee now moves to strike from the record this return.

The very basis of appellant's contention in this case rests upon the mortgage of the cattle here involved, and this mortgage and transfer were introduced in evidence and

marked "Claimant's Exhibit A," 5–12–36, S. A.K. Such was the statement in the bill of exceptions signed by the Presiding Judge. In the preparation of the record the clerk omitted this exhibit, and this omission was made the basis for petition for writ of certiorari, as above stated.

The principle question involved on this motion is as to whether or not the mortgage was so marked as to become a part of the bill of exceptions.

 It is a rule, and the only safe one, says Stone, Judge, that in judicial proceedings nothing is to be left to unrecorded memory. The record must speak by and for itself, without the aid of oral proof or human recollection. First Brickell's Digest, 78, 79. The record must be so complete that a succeeding officer, coming into the place of the one before which the business was transacted, cannot reasonably mistake what was done. The rule as stated by the Supreme Court in Looney v. Bush, Minor 413, is: "So to describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer." The above has consistently been the rule in this state since that time.

 In the instant case the return to the writ of certiorari as certified by the clerk of the court makes no reference to the case then on trial, does not describe the parties to the suit, nor has it such other identifying features as to leave no room for mistakes in the transcribing officer.

The motion to strike the return of the clerk to the writ of certiorari must be granted.

## On the Merits.

This suit was commenced by A. A. Crawford, appellee, against J. W. McDonald, appellant, in the justice court, by affidavit and bond for writ of attachment against certain mixed cattle on which plaintiff claimed a lien for pasturage . The writ was levied on twenty head of mixed cattle as being the property of the defendant and subject to the lien. McDonald executed a forthcoming bond, which was approved by the sheriff, and the cattle were left in the possession of the defendant.

On the trial in the justice court, judgment was rendered against the defendant and the sureties on his forthcoming bond, and a lien fixed on the cattle attached for the alleged pasturage.

Subsequently the defendant removed the cause by statutory certiorari to the circuit court of Marengo county, Ala.

After the cause was removed to the circuit court and while the case was pending there, and before the sale of the cattle, J. W. McDonald, in his representative capacity as guardian of Maria Selden McDonald, a minor, filed an affidavit in the circuit court, where the cause was then pending, alleging that the cattle levied on under the writ of attachment issued against him was not his property but was the property of his ward, Maria Selden McDonald, and that she claimed title thereto under and by virtue of a mortgage therein described, and, as such guardian for said minor, he executed bond with sureties, which was appproved by the sheriff and circuit clerk, thereby instituting a suit for the trial of right of property under section 10375 of the Code of 1923, as amended by Gen.Acts 1935, p. 891.

In the circuit court the plaintiff filed a motion to dismiss the claim suit filed on behalf of the minor, and this motion was overruled by the court. Plaintiff thereupon filed in the circuit court a complaint against J. W. McDonald, individually, and as guardian of Maria Selden McDonald, jointly. On objection filed by the defendant this complaint was disallowed.

The plaintiff then filed a motion to amend her attachment affidavit, bond and writ, which motion, over the objection of the defendant, was allowed. Whereupon, plaintiff filed an amended complaint against J. W. McDonald, individually and, as guardian for Maria Selden McDonald, claiming on the common counts for the amount due for pasturage, and in the third count claiming a lien upon the cattle. Motion of defendant to strike the amended complaint was overruled. Whereupon defendant demurred to the complaint, setting up that this was a claim suit and that the issues are properly to be made up by the court; and that there is a departure from the original suit. There was also a demurrer by J. W. McDonald, in his representative capacity as guardian, etc., setting up, among other things, that there was an unauthorized joinder of parties defendant; that there was a departure from the original suit; and that there was an entire change of parties. In these various pleadings, the rulings of the court were adverse to the appellant, and the demurrers were overruled.

After the taking of the evidence before the court, sitting without a jury, the plain-

tiff, by leave of the court and over the objection of the defendant, struck out the name of J. W. McDonald, as an individual, leaving the cause pending against J. W. McDonald, as guardian, etc.

Motion for a new trial was made stating various grounds, among which was that the rulings of the court and the allowed amendments to pleadings had resulted in an entire change of parties.

Pretermitting a consideration of the numerous and various rulings of the court on motions and demurrers, we confine ourselves to a general discussion of the case appearing hereby the record.

The orderly method of trying cases of this kind would have been to try the right of property, under section 10375 et seq. of the Code of 1923, as amended. The suit was originally against J. W. McDonald, individually, and sought a lien upon his interest in the cattle levied upon by the attachment writ. The original affidavit alleged that A. A. Crawford had a lien upon certain cattle for pasturage, designating the time, and that J. W. McDonald refused to pay for the pasturage, after demand; and that the cattle were in the possession of J. W. McDonald. The attachment writ was issued against J. W. McDonald, individually, and notice of the levy served on him by the sheriff. He made a replevy bond, taking possession of the cattle, and in the justice court the claim was against J. W. McDonald as an individual.

The claim suit was instituted by the minor, acting through her guardian.

The claim bond having been filed, it was the duty of the court to have determined that issue first and before the disposition of the original suit, notwithstanding, the original defendant had previously filed a forthcoming bond and obtained possession of the property levied on. Code of 1923, § 10375 et seq., as amended, Roswald & Stoll v. Hobbie & Teague, 85 Ala. 73, 4 So. 177, 7 Am.St.Rep. 23; Cade v. Floyd, 120 Ala. 484, 24 So. 944; Abraham v. Nicrosi, 87 Ala. 173, 6 So. 293; Brothers et al. v. Russell & Duke et al., 195 Ala. 643, 71 So. 450.

Under our statute, issue is made up in claim suits by the court, the plaintiff alleging that the property levied on is that of defendant and subject to the process, and a denial of that fact by the claimant. In proceedings of this kind, it is not contemplated that there should be any extended or elaborate pleadings. Warren v. Liddell, 110 Ala. 232, 20 So. 89.

The trial of the claim suit was preliminary to the trial of the original suit, and should have been disposed of separate and apart from the original suit. Abraham v. Nicrosi, 87 Ala. 173, 6 So. 293.

We are of the opinion that the amendment bringing in J. W. McDonald, as guardian of the minor, whom he represented, as a party without due process, was erroneous, and the action of the court in ignoring the issue presented by the filing of the claim bond was also error.

The allowing of the addition of J. W. McDonald, as guardian, etc., and then allowing an amendment striking out J. W. McDonald, individually constituted an entire change of parties, which was, within itself, reversible error. There are in this state numerous decisions allowing substitutions of parties plaintiff where the real party at interest is left as plaintiff in the case, but all of these decisions recognize the rule that there cannot be an entire change of parties plaintiff or defendant. In this case issues were determined, and judgment rendered, against a defendant who was not at the inception a party to the suit, and who only undertook to litigate a prior lien by and through the statutory method provided by the Code of 1923. Such is the effect of the decision in Christian v. Morris, 50 Ala. 585, and authorities therein cited.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.