318 So.2d 775

**Jerome TARVER**

v.

**STATE.**

**5 Div. 256.**

Court of Criminal Appeals of Alabama.

Jan. 21, 1975.

Guy F. Gunter, III, Opelika, for appellant.

Charles A. Thigpen, Sp. Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Robbery: sentence, ten years imprisonment.

■ The only point of error in the record before us is the lack of a minute entry to show that the trial judge referred the defendant's Youthful Offender Act petition to the probation officer. Act No. 335 of February 10, 1972, § 1, provides that the court shall—in cases enumerated—cause the charged youth to be investigated. Section 5 makes it the duty of the probation officer to investigate upon request of the judge.

This precise point was decided in *Edwards v. State* (1974), 55 Ala.App. 544 317 So.2d 511.

To elaborate: —the sole pertinent minute entry (R. 3) recites:

"MINUTE ENTRY

"5–22–74. Defendant makes application for Youthful Offender Treatment.

/s/ L. J. Tyner, Judge

"5–23–74 Defendant's application for Youthful Offender Treatment is hereby denied.

/s/ L. J. Tyner, Judge"

True, there is in the transcript of testimony a question and answer form of pro-

ceeding under date of May 22, 1974. R. 14–18. This occurred before *Edwards*, supra, was decided.

 Courts of record speak only through their recorded minutes, at least as far as showing substantially all that was done at the trial, which the law requires to be done. *Crist v. State*, 21 Ala. 137; *Naro v. State*, 212 Ala. 5, 101 So. 666; and *Evans v. State*, 215 Ala. 61, 109 So. 357. Conversely, the silence of the minutes admits of but one conclusion, that if the clerk omits mandated matters from the record then they were not done. *Walker v. Commonwealth*, 144 Va. 648, 131 S.E. 230(6); *State v. Underwood*, 130 W.Va. 166, 43 S.E.2d 61. ("What is not disclosed by the records of courts of record does not legally exist.").

In *McDonald v. Crawford*, 28 Ala.App. 163, 180 So. 130, our erstwhile Court of Appeals said:

"It is a rule, and the only safe one, says Stone, Judge, that in judicial proceedings nothing is to be left to unrecorded memory. The record must speak by and for itself, without the aid of oral proof or human recollection. First Brickell's Digest, 78, 79. The record must be so complete that a succeeding officer, coming into the place of the one before which the business was transacted, cannot reasonably mistake what was done. The rule as stated by the Supreme Court in *Looney v. Bush*, Minor 413, is: 'So to describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer.' The above has consistently been the rule in this state since that time."

Let us suppose that Tarver had chosen not to appeal. Then the court reporter would have been under no duty to transcribe his shorthand notes. The record proper (or common law record) would, as to the question of instant concern, only

have shown the two cryptic entries first above quoted.

On authority of *Edwards,* supra, this cause is remanded for a reference to the probation officer and thereafter a hearing on the merits of the Youthful Offender petition.

Remanded with directions.

All the Judges concur.